# SUPREME COURT.

HENRY DAILY,··Jr., plaintiff, agt. JANE AUGUSTA KINGON, defendant.

Where an action is commenced and at issue, to *foreclose a third mortgage* on premises, the mortgagor cannot, on motion, stay the mortgagee's proceedings, on the ground that a judgment of foreclosure·on the first mortgage (which last action of foreclosure was commenced simultaneously with the other action), made it necessary for the mortgagee in the third mortgage to seek his remedy against the surplus moneys on the first mortgage. The third mortgagee had a right to have the issue in the action tried.

*Kings County Special Term, March,* 1871.

THIS was an action to foreclose a mortgage made by the defendant, to secure the sum of $7,500, which plaintiff had loaned her. Prior to this mortgage, there were two other mortgages, and an action, to foreclose the first one, was brought simultaneously with this action, but before this action on the third mortgage came on for trial, a judgment of foreclosure and sale had been obtained on the first mortgage by the owner. The owner of the judgment on the first mortgage had advertised the premises for sale under his decree. On the day the present action was called for trial, the defendant's attorneys procured an order from his Honor, Justice GILBERT, requiring the plaintiff to show cause, on a day therein named, before a justice at a special term, why a stay of proceedings should not be granted the defendant in this action, until the sale of the premises in question, under the decree entered on the first mortgage, and why the plaintiff should not be precluded from trying this action, and why plaintiff should not be confined in his remedy to his application against any surplus moneys which might arise from

Daily agt. Kingon.

the sale of the premises under the decree of foreclosure entered in the action to foreclose the first mortgage.

This order to show cause, embraced a stay of plaintiff's proceedings pending the hearing and decision of the motion, The motion came on for argument before his Honor, Justice GILBERT, sitting at special term.

DENNIS McMAHON, *counsel for the defendant, and in favor of the motion.*

I. This is a motion made by defendant, mortgagor, to restrain the further prosecution of a foreclosure suit commenced by the plaintiff, the mortgagee on a third mortgage, until the sale on a previous suit against the same property, to which the plaintiff is a party, for the purpose of avoiding unnecessary trouble and expense.

II. As a complete determination of the rights of the parties can be had in the suit on the first mortgage, the present case comes within the reason of the rule which prevents a second suit being had between the same parties, for the same subject matter, and the plaintiff's proceedings may be stayed. *See 3d. Abb. P. R.*, (377,) where the court enjoined a party to a suit pending therein from sueing the adverse party in a foreign court, upon the same subject matter involved in the said suit, where the parties all resided in this state, the cause of action arose there, and the said suit could determine the whole proceedings. See also *3d. How.*, 65, where a statutory foreclosure was enjoined until the termination of a previous foreclosure suit.

III. Courts of equity have the power to interfere on principles of convenience, to prevent litigation which is considered to be either unnecessary, and therefore vexatious, or else ill adapted to secure justice. (*Lord CHANCELLOR in* 16 *Beav.*, 279, 2S9; *Mutual Life Ins. Co.* agt. *Bowen*, 47 *Barb.*, 618.)

IV. The plaintiff will not be prejudiced by delay inas-

much as, if he is on the present trial sought to be stayed, he will be obliged to give notice of sale which will bring it to about, the time the sale on the first mortgage was adjourned to.

V. The relief prayed for will relieve the already harrassed defendant, Jane Augusta Kingon, from a great deal of unnecessary trouble and expense, without impairing the rights of the plaintiff. (19 *N. Y.*, 440.)

VI. There has to be a reference, about the disposal of the surplus moneys on the sale of the premises under the decree on the first mortgage, even if Mr. Daily is permitted to proceed in this case, inasmuch as there is a second mortgage, which is a prior lien to Daily's mortgage. On that reference, Mr. Daily's rights could be settled cheaply and expeditiously, and in the *Mutual Life Ins. Co.* agt. *Bowen*, (47 *Barb.*, 618,) this court decided, that it not only has the power, but it is its duty to provide for the equitable distribution or disposition of the surplus moneys.

VII. In the action on the first mortgage, Mr. Daily was a party. By the practice of the court, it would have been improper for him to have interposed an answer setting up the mortgage, which he now seeks to foreclose, consequently, the decree in the action on the first mortgrge is a bar forever to him, except so far as claiming his money under the foreclosure. (*Benjamin* agt. *The Elmira R. R. Co.*, 49 *Barb.*, 441.) Now, if he could not set up his mortgage by answer, can he do indirectly by maintaining his foreclosure suit, that which he could not do directly. We submit not.

VIII. An order staying proceedings, is the proper remedy, whereas in the present instance, both suits are in the same court. (4 *How.*, 350; 3 *Code, R. P.*, 86; 11 *How.*, 365.)

H. DAILY, *plaintiff in person, opposed the motion.*

1. The defendant in this action has interposed an answer

to plaintiff's complaint, raising a triable issue. The plaintiff has an absolute right to have that issue tried. The defendant, still retaining her answer, cannot invoke the aid of this court for an order, restraining the plaintiff from trying an issue which she herself has raised.

2. When a defendant puts in an answer, raising an issue of fact, or of law, the plaintiff has an absolute right to have that issue tried, or disposed of in the course prescribed by law. And any order of this court restraining the plantiff from exercising that right, or suspending this privilege, is a direct violation of the law regulating proceedings in actions of this nature.

3. It is claimed that the plaintiff in this action, can try the issue here, on a reference as to the surplus moneys which must be had after sale under the decree on the first mortgage. The defendant's counsel insists that a full determination can be had on such a reference, and that the referee appointed to ascertain the priority of the several liens, can determine also the issue raised by defendant by her answer. This cannot be done.

. A referee appointed under the 76th rule of this court in proceedings to obtain surplus moneys, has no power to try the issue between the parties, but only to ascertain the *ownership, priority and amount due on the lien.* A referee in proceedings as to surplus moneys, can only go to this extent. (*Husted* agt. *Dakin,* 17 *Abb. Pr. R.,* 137, *&c.* ; *King* agt. *West,* 10 *How.,* 336.)

II. It may be claimed that the owner of a senior mortgage can be compelled by a junior mortgagee, to sell the premises so as to realize surplus moneys for application on the junior mortgage. But this cannot be done. The owner of a senior mortgage with judgment of foreclosure and sale entered thereon, has sole control over his lien as against prior incumbrances made defendant in his action. He cannot, against his will, be compelled to sell to satisfy the liens of subsequent mortgagees on the ground that they were defend-

ants in his action. (*Mechanics and Traders Institution* agt. *Roberts*, 1 *Abb. R.*, 381, *&c.*)

4. Among other grounds, the defendant asks the order of this court enjoining and restraining the plaintiff from trying the very issue she herself has raised, that the trial will make an extra expense for her, and that it is unnecessary. The defendant's answer makes it necessary to have a trial, and she having created that necessity, cannot be heard to say that she shall not pay the expense of her own act if she is unsuccessful.

III. The plaintiff's right to foreclose his mortgage by action, is a statutory right, and it cannot be suspended or prevented by the order of this court. The motion should be denied, with costs.

The motion was argued before Mr. Justice GILBERT, on the 6th day of March, 1871, and on the 9th of March, the justice denied the motion, and in his decision, *held*, that the plaintiff had a right to have the issue tried, and that a referee appointed in proceedings to obtain surplus moneys, could not try any issue raised by the pleadings. And that all such referee had power to do, was to ascertain the ownership, priority and amount due on the lien. An order was accordingly entered, denying defendant's motion, with $10 costs.