WILLIAM B. WHITNEY AND MAHLON S. KEMMERER, PLAINTIFFS, *v.* THE NEW YORK AND ATLANTIC RAILROAD COMPANY, DEFENDANT.

*Action to sequestrate the property of a corporation — notice of a motion to appoint a receiver must be given to the attorney general — 1883, chap. 378, sec. 8 — when a second receiver of the company may object to the invalidity of the order appointing the first — powers and duties of a receiver appointed in an action for sequestration — he takes the corporate property subject to the rights of mortgagees and their receiver — notice of motion — to whom it should be given — a judge cannot consider a paper submitted after argument by one party without notice to the other.*

The New York and Atlantic Railroad Company, by an instrument recorded in Kings county, in April, 1881, mortgaged to Bullock, as trustee, the railroad and all the rights, liberties, privileges, income, tolls, receipts, resources, and corporate franchise of the company then owned or thereafter to be owned, held and acquired by it. On July 5, 1883, Bullock was, in an action brought to foreclose the mortgage, appointed a receiver of the property mentioned and described therein, and on the following day he qualified and entered upon the discharge of his duties. On February 21, 1883, the plaintiffs had recovered a judgment against the company for goods sold to it, upon

which an execution was issued and returned unsatisfied; whereupon an action was commenced by the plaintiffs to sequestrate its property and procure the appointment of a receiver. In this action, and on July 3, 1883, George H. Henry qualified as receiver, in pursuance of an order made on July second, and on July seventh his receivership was made permanent by a judgment then entered in the said action.

Bullock, being unable to complete the building of a portion of the road, by reason of embarrassments arising from the appointment of Henry, moved, in August, to have the order and judgment appointing Henry a receiver, set aside, on the ground that no notice of the motion for his appointment had been given to the attorney general, as required by section 8 of chapter 378 of 1883. After this motion had been heard, but before it was decided, and on September twenty-eight an order was made, upon the motion of the plaintiffs and the appearance by the attorney general in pursuance of an order to show cause, confirming the order and judgment appointing Henry a receiver. This order was brought to the notice of the judge before whom the motion for the reversal of the order and judgment was pending, and induced him to deny the motion. Bullock had no notice of the motion to have the order and judgment confirmed, nor of the appearance and consent of the attorney general, nor of the granting of the order, nor of its being submitted to and considered by the judge.

*Held*, that the action brought to sequestrate the property of the company, in which Henry was appointed receiver, was an action for " a distribution of its assets," within the meaning of section 8 of chapter 378 of 1883, requiring copies of all notices and all motion papers in every such action to be served upon the attorney general.

That as the requirements of this section had not been complied with either in the proceedings for the temporary appointment of Henry as a receiver, or for his permanent appointment under the terms of the judgment, both appointments were, within the terms of the said section, void.

That the order confirming the order and judgment appointing Henry a receiver, entered upon the notice to and appearance of the attorney general, was improperly made, and that it should not have been submitted to or considered by the judge, as no notice of either the motion or the submission had been given to Bullock.

That as the appointment of Henry as a receiver interfered with and injuriously affected Bullock in the discharge of his duties as receiver, he had a right to make the motion to vacate it.

That the motion made by Bullock was an appropriate means of setting aside and vacating the appointment of Henry, and that from the order denying the motion an appeal was properly brought to secure its correction.

That section 8 of chapter 378 of 1883 had no application to the appointment of Bullock as receiver in the foreclosure suit.

*It seems*, that the service of the papers prescribed in the said section 8 is essential to the jurisdiction of the court, and that a failure to make such service cannot probably be corrected without an entirely new proceeding. (Per DANIELS, J.)

The judgment in the action for the sequestration of the property of the corporation provided that Henry should be continued "as permanent receiver of the defendant herein, its stocks, bonds, property, both real and personal, equitable interests, franchises, contracts, things in action and effects of every kind and nature whatsoever, with the usual powers and duties as such receiver," etc.

*Held*, that the powers and duties conferred upon the receiver exceeded the bounds prescribed by the statute.

That the creditors were only entitled through their receiver to the property, real and personal, things in action, contracts and effects of the corporation, so far as they were owned by it at the time of his appointment.

That the judgment should be corrected by striking out the words "stocks, bonds and franchises," and that the appointment should be restricted to such property of the corporation as had not been incumbered by the mortgage, or to the property and effects of the corporation, subject to the mortgage and the rights of Bullock in them under his appointment.

That the residue of the order and judgment appointing Henry a receiver, which did not in any way affect or injure Bullock, should not be in any way sanctioned or approved.

APPEAL by Thomas S. Bullock, trustee and receiver, from an order denying a motion to vacate and set aside the order for judgment in this action, and from an order appointing George H. Henry receiver of the defendant, and from the judgment continuing his receivership, and from an order denying a motion for a rehearing of the preceding motion, and from an order confirming the judgment, and the order appointing George H. Henry as such receiver.

The judgment appointing Henry the receiver of the defendant, "ordered, adjudged and decreed that the plaintiffs herein recover of the defendant herein the sum of forty-two dollars, their costs and disbursements, and that the stock, property, both real and personal, rights, equitable interests, things in action, franchises and effects of every nature and kind whatsoever, be, and they hereby are sequestrated as provided for by section 1793 of the Code of Civil Procedure and that George H. Henry, heretofore duly appointed receiver *pendente lite* herein by order duly entered herein July 3, 1883, is hereby continued as permanent receiver of the defendant herein, its stocks, bonds, property, both real and personal, rights, equitable interests, franchises, contracts, things in action and effects of every kind and nature whatsoever, with the usual powers and duties as such receiver, according to the laws of this State and the practice of this court."

*Burton N. Harrison*, for Thomas S. Bullock, receiver, petitioner, appellant.

*J. Adriance Bush* and *Charles De Hart Brower*, for the plaintiffs and George H. Henry, receiver, respondent.

Daniels, J. :

The appellant, Thomas S. Bullock, as trustee under a mortgage executed by the New York and Atlantic Railroad Company for the security of its bonds, commenced an action in this court in Kings county for the foreclosure of the mortgage after such default on the part of the mortgagor as authorized the institution of such a suit.

By the terms of the mortgage all the rights, liberties, privileges, income, tolls, receipts, resources, corporate franchises, railroad then owned by the company or afterwards to be owned, held or acquired, were mortgaged for the security of its bonded debt. This mortgage, which was executed on or about the 12th day of April, 1881, was afterwards and before the recovery of the judgment upon which the action of William B. Whitney and another was commenced, recorded in the office of the clerk of the county of Kings. And that record of it by force of chapter 779 of Laws of 1868 rendered it a valid mortgage, not only upon the real, but also upon the personal property included in it. For its consideration and good faith have in no manner been assailed or impugned in this action. And that it was lawful to include in the mortgage property designed to be afterwards acquired by the railroad company was held in *Benjamin* v. *Elmira, etc., Railroad Company* (49 Barb., 441); *Hoyle* v. *Plattsburg, etc., Railroad Company* (51 Barb., 45). After the commencement of the action to foreclose the mortgage, and on the 5th of July, 1883, the appellant was, by an order of this court, also appointed receiver of the property mentioned and described in the mortgage, and he qualified as such and entered upon the discharge of his duties upon the following day. To the extent of the incumbrances created by the mortgage he became invested under the order with all the property, franchises and interests of the railroad company for the benefit of its bonded creditors.

On the 21st of February, 1883, William B. Whitney and Mahlon S. Kemmerer recovered a judgment against the railroad company for $3,463.51 for goods sold and delivered. An execution was

issued upon the judgment to the sheriff of the county of New York, in which the company had its principal office or place for transacting general business. The execution was returned unsatisfied, and an action was then commenced by these creditors to sequestrate the property of the company and for the appointment of a receiver with the usual powers and duties. During the pendency of the action, and on the 2d of July, 1883, George H. Henry was appointed such, receiver, and he qualified and entered upon the discharge of his duties upon the day following. On the 7th of July, 1883, a judgment was entered in the action and the receivership of George H. Henry was made permanent. And as, far as he was able to do so, he took possession of the office, books and property of the railroad company.

When these proceedings were taken the company had not constructed its road to such an extent as to be able to put any portion of it in profitable operation, and the receiver appointed in the foreclosure action had no funds to proceed with its further construction. An application was made by him to a Special Term of this court in Kings county for liberty to issue certificates of indebtedness as receiver for a sum not exceeding in the aggregate $61,500 for the construction and completion of the railroad under a contract authorized for that purpose. This application was successful, and the certificates were allowed to be issued, but in no case to exceed in the aggregate $100,000. The contractor in the first instance agreed to receive the certificates, and proceed with the construction of the railroad, but after ascertaining that George H. Henry had been appointed receiver in the action prosecuted by the judgment creditors, who claimed by virtue of his appointment the property of the company, he declined to do so, and it is to relieve the case of this embarrassment that the motions were made by the receiver, in the foreclosure action, to vacate the order appointing George H. Henry receiver, and the orders afterwards made practically on the basis of that application. The motion proceeded substantially upon the ground that the order appointing George H. Henry receiver, and the judgment continuing his appointment were unauthorized, and void, because of the omission to serve the motion papers upon the attorney general. And if that position was well taken, the receiver in the foreclosure action had the right to make the application, although

he had not in any form been made a party to the creditors' action. For if the order or judgment was for any reason inoperative or void and it interfered with, and injuriously affected him in the discharge of his duties as receiver, for that reason he had the right to apply to the court to be relieved from it (*Gould* agt. *Mortimer* 26 How., 167), and that it did interfere with him to his prejudice in the discharge of his duties, and the exercise of his authority, was evident from the fact that it tended to discredit the certificates of indebtedness which by the order of the court he was permitted to issue to insure the completion of the railroad.

The application which was made to vacate the order appointing George H. Henry receiver in the creditors' suit, was entertained by the court but the point upon which it was presented was not decided. This was prevented by a motion afterwards made on behalf of the judgment creditors to obtain an order, upon notice to the attorney general, confirming what were resisted by the receiver in the foreclosure action as a void and unauthorized order and judgment. The proceeding for this purpose was commenced after the other motion had been argued and submitted. It was brought on under a notice to show cause, made on the 27th September, 1883, and returnable on the twenty-ninth. But the hearing was not delayed even to that date, for it was brought on by the appearance of the counsel for the creditors, and the representative of the attorney general, on the 28th of September, 1883, and without opposition an order was then made confirming the order and judgment under which George H. Henry had been appointed as receiver, as of the preceding time when they were made and entered. This order, on the following day, was brought to the attention of the judge presiding at the time when the motion still under consideration had been made, and it was substantially because of the effect given to the order obtained on the twenty-eighth of September, that the application of the receiver in the foreclosure action to vacate the appointment of George H. Henry as receiver, was denied. In the proceedings to subject the attorney general to the order and judgment appointing and continuing George H. Henry as receiver, the receiver in the foreclosure action, in whose behalf the motion which had been previously argued and submitted was made, was in no form brought in as a party. The order to show cause was not

directed to him or his attorney, neither was it served upon either of them, and no notice whatever of the proceedings was given to either, but it was evidently taken, and the motion brought on, without the knowledge of himself or his attorney, for the purpose of over-reaching and defeating the motion at that time awaiting the decision of the court. In this form it was certainly a very improper proceeding, and one that cannot be countenanced by any court charged with the duty of maintaining the orderly administration of the law. The receiver in the foreclosure proceedings had, by the motion previously made and submitted, become a party to that extent to the creditors' action, and was legally entitled to notice of any of the proceedings which might afterwards be taken for the purpose of rendering his application unsuccessful. And this circumstance necessarily deprived the order of the 28th of September, 1883, of all practical effect in the case. The receiver in the foreclosure suit would not, under any acknowledged principle of the law, be bound by this order as long as neither himself nor his attorney had notice of the application which was made for it. No such effect, therefore, could properly be given to this order, as it was allowed to have by securing the denial of the preceding motion which had been heard and submitted in August, 1883. That motion had been finally heard and submitted for decision before the order of the twenty-eighth of September, or the proceedings on which it was obtained, had any existence. The creditors in whose interest it was obtained had no legal right to submit it to the justice having the preceding motion under consideration for the purpose of influencing the determination of that motion. This was done in the absence, and without the knowledge of the receiver in the foreclosure action or of his attorney, and it resulted in securing a denial of the motion which had previously been argued and submitted. Such a practice cannot be too strongly condemned. No such effect could legally be given to the order obtained in this manner as it was allowed to have in the disposition of the motion, and for that reason the merits of the application are required to be considered precisely in the same manner as though this order had not been obtained and submitted to the learned justice having the preceding motion then under consideration.

The motion to vacate the order by which George H. Henry was

appointed receiver, proceeded upon the omission of the creditors to comply with section 8, chapter 378 of the Laws of 1883. It has been urged by way of answer to this objection that the receivership, in a creditors' suit of this nature against a corporation, was not within the spirit or intent of this section. But by its terms this section was made to include an action for the dissolution of a corporation, or the distribution of its assets. Two classes of cases are plainly the object of this legislation, and the same reason which would justify legislation for the government of an action for the dissolution of a corporation, would suggest its propriety by way of controlling an action for the distribution of its assets. For in each case the property and assets of the corporation would be committed to the administration and disposition of the receiver. And the same propriety would exist in subjecting a receiver appointed in a creditors' action, to the watchful observance of the attorney general, as would require an action for the dissolution of a corporation to be placed under the same supervision. If it was necessary or proper in one case, it was equally so in the other, and as the language made use of was entirely appropriate to include both, and they were equally within the mischief intended to be corrected, the section should be construed as attended with that effect. By section 1784 of the Code of Civil Procedure, the object to be accomplished by the creditors' action is the sequestration of the property of the corporation and the distribution thereof; and by section 1793 the judgment has been required to provide for a just and fair distribution of the property and of its proceeds among the fair and honest creditors of the corporation. And the mode of accomplishing this result is through the appointment of a receiver under the authority of section 1788 of the Code. The language made use of as descriptive of the object to be attained is identical with that of section 8, chapter 378 of the Laws of 1883, which was made to include an order or judgment for a distribution of the assets of the corporation. And in its enactment the nature and functions of such a receivership seem to have been within the intention and contemplation of the legislature. Before the receiver in the creditors' suit, therefore, could be legally appointed, a compliance with this section of the act of 1883 was required on behalf of the judgment-creditors, and that they wholly failed to observe. This section of the statute

declared that a copy of all motions and all motion papers and a copy of any other application to the court, together with a copy of the order or judgment to be proposed thereon to the court, in every action or proceeding then pending, or afterwards commenced, for the dissolution of a corporation or a distribution of its assets, should in all cases be served on the attorney general, in the same manner as provided by the law for the service of papers on attorneys who have appeared in the action; and it is further declared that any order or judgment granted in any action or proceeding mentioned therein, without such service upon the attorney general, should be void. The provisions are broad and sweeping in their terms and were intended by way of correcting and preventing abuses which at that time formed a subject of very general complaint in the administration and distribution of the property of insolvent corporations. And as this section was not complied with, either in the proceedings for the temporary appointment of Henry as receiver, or his permanent appointment under the terms of the judgment, both appointments within the terms of this section were void. This is plain and unequivocal language, and the courts are required to give it effect according to the import of the terms made use of. *Anderson v. Roberts* (18 Johns., 514) contained nothing in conflict with this conclusion. It was said in the opinion of SPENCER, C. J., in that case, that "a thing is void which is done against law at the very time of doing it, and where no person is bound by the act." (Id., 527, 528.) The acts in controversy were acts of this character, and it was the evident purpose of this section of the statute to render them utterly ineffectual, where what has been so plainly directed shall not be observed. The service of the papers upon the attorney general was made jurisdictional and a failure to make such service could not probably be corrected without an entirely new proceeding.

The motion which was made was an appropriate means of setting aside and vacating the void appointments. (*Attrill v. Rockaway B. Imp. Co.*, 25 Hun, 376.) And from the order denying the application the appeal was regularly brought to secure its reconsideration and correction. (*Seaman v. Whitehead*, 78 N. Y., 306–308.)

A receiver appointed in a creditor's action of the nature of that now in controversy, has been declared to have all the powers and

authority conferred, and is made subject to all the duties and lia-
bilities imposed upon a receiver appointed on the voluntary dissolu-
tion of a corporation. (Code Civil Pro., § 1788.) The Code itself
has not otherwise defined the powers, authorities and duties of such
a receiver, and the preceding law, therefore, still remaining in
force, is required to be consulted to ascertain these powers, authority
and duties, and that law has been added by what is designated as
appendices A, and B, of the Code of Civil Procedure.

And by that law such a receiver has been invested with the
powers and authority, and subjected to the obligations and duties
designated by what is there given as section 42, appendix B. And
by the succeeding section 67 of the same appendix, such receivers
are declared to be vested with all the estate, real and personal, of
such corporation, and are also further invested with the power and
authority conferred by law upon trustees, under an assignment of
the estate of an insolvent debtor, as they have been defined in
chapter 5 of the second part of the Revised Statutes. Both the
order and judgment making the appointment of Henry as receiver
exceeded the bounds of this authority. For beyond investing him
with the property, contracts, things in action, and effects of the
corporation, they in terms invested him with the stock, bonds and
franchises of the corporation, for which there was no authority
either in the original appointment, or the continuance of the office
of the receiver. What the creditors were entitled to through the
intervention of their receiver, was the property, real and personal,
things in action, contracts and effects of the corporation, so far as
they were owned by it at the time of his appointment. And this
property could not legally include that which by the force and effect
of the mortgage had been charged as security for the bonded indebt-
edness of the railroad company. To that extent, as the mortgage
itself has not been assailed, it was a legal and valid encumbrance
upon the property of the railroad company, and in the action brought
to foreclose it, the court was empowered to appoint a receiver to
take charge of all the property, franchises and effects included
within the terms of the mortgage. Over that subject the creditors,
by means of their suit, had no control. For the title had, previous
to their judgment, been so far encumbered in favor of the trustee
named in the mortgage for the benefit of the bonded creditors of the

company, For this reason also the order and judgment directing the appointment of Henry as receiver, and his continuance in the office, required to be corrected and so limited in any event as to restrict his receivership to the property, contracts and effects of the company not included in nor encumbered by the mortgage. And as that will secure the complete protection of the receiver appointed in the foreclosure action, it is probably as far as the court in these proceedings can be required to go in correcting the order and judgment in the creditors' suit. To that extent certainly the receiver under the mortgage is entitled to be relieved for the purpose of rendering his functions and office as efficient as they are required to be to carry into effect the security of the mortgage. Beyond that this receiver has no interest in resisting the proceedings prosecuted by the judgment creditors.

It has been suggested that as no notice was given to the attorney general of the application for the appointment of a receiver in the foreclosure suit, that the order for his appointment was inoperative under section 8, chapter 378 of the Laws of 1883. But that result does not follow from the omission to serve the motion papers for his appointment upon the attorney general, for he was not appointed a receiver in an action or proceeding for the dissolution of the corporation or the distribution of its assets; and they are the only actions or proceedings in which the motion papers are required to be served upon the attorney general.

The authority to make his appointment as receiver is derived from the mortgage, and its object was to secure to the bonded creditors the benefit and effect of the mortgage security. With such a receivership these provisions of this part of the statute seem to have nothing to do.

The orders from which the appeals have been taken denying the motion made by the receiver, appointed under the mortgage, should be reversed, with the usual costs and disbursements, and the order and judgment appointing Henry as receiver should both be corrected by striking out from the order the words " its stocks, bonds and franchises," and by striking out the same words from the judgment entered in the creditors' action, and the appointment of Henry should also be restricted to such property of the corporation as has not been encumbered by the mortgage or to the property and effects

of the corporation subject to the mortgage, and the rights of the appellant in them under his appointment, for that is the utmost extent to which the creditors are entitled to the proceeds of the corporate property. The creditors under the mortgage have the paramount right of payment, so far as it extends, and the creditors under the judgment are necessarily, therefore, restricted to whatever surplus of proceeds there may be afterwards remaining after the payment of the mortgage, and to the property of the corporation not encumbered by the mortgage. The appellant should be allowed the usual costs of the motion, but no order should be made in any form sanctioning or approving the residue of such order and judgment.

DAVIS, P. J., and BRADY, J., concurred.

Order denying motions made by the receiver, appointed under the mortgage, reversed, with ten dollars costs and disbursements. Order and judgment appointing Henry as receiver modified as directed in the opinion.