[No. 3264.  Decided December 27, 1899.]

J. HARRIS SWADLING, *Respondent,* v. JOHN BARNESON *et al., Appellants.*

NON-SUIT—WHEN GRANTABLE.

Where there is any evidence tending to support plaintiff's case, the defendant is not entitled to a non-suit.

APPEAL—SUFFICIENCY OF EVIDENCE.

Where the evidence is conflicting, the supreme court will not on appeal invade the province of the jury and weigh the testimony.

SAME—ADMISSION OF TESTIMONY—SECONDARY EVIDENCE—HARMLESS ERROR.

Where no issue was made between parties as to the contents of a contract between defendant and third parties, upon which plaintiff based his right to commissions from defendant, and both plaintiff and defendant testified to the substance of the contract, and defendant's objection that plaintiff's testimony concerning the contract was not the best evidence not having been specially urged upon the court, and the matter having apparently been treated by court and counsel as immaterial, the error, if any, in admitting oral testimony as to the contents of the written contract, must be held as harmless.

EVIDENCE—RELEVANCY—CUSTOMS.

Where, in an action to recover commissions, the plaintiff bases his right of action and the defendant his defense upon an express contract, as each alleges in his pleadings, evidence of the custom prevailing among commission men in that locality for similar commissions is irrelevant.

JURY—RIGHT TO TAKE PAPERS TO JURY ROOM.

Where an original complaint has been superseded by an amended one and is not in issue in the case, it is not error to allow the jury to take it with them to the jury room.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*Gorham & Gorham, James F. McElroy* and *John B. Hart,* for appellants.

*Fred H. Peterson* and *H. L. Wilhelm,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This suit was commenced by the respondent against the appellants to collect a commission of five per cent. on $14,000, which sum certain people, called in the case "the Denver people," had agreed to pay to appellants, who were engaged in the business of transportation to Alaska. Three thousand dollars of this amount was paid by the Denver people to the appellants, but the contract was not carried out; no further payments were made and nothing further was done. One hundred and seventy-five dollars was paid by the appellants to the respondent at the time the contract was entered into with the Denver people, and this action was for the difference between $175 and $700, the commission claimed. The trial was by jury, and verdict was rendered for the amount claimed, and judgment entered for the same. Upon the close of plaintiff's testimony, the defendants moved the court for peremptory instruction for nonsuit, which was refused, and this refusal is the first assignment of error here. The second assignment is that the court erred in rendering a judgment against appellants when the evidence was clearly insufficient to support the verdict; a great preponderance of the evidence, it is claimed, being in favor of the appellants.

These two propositions may be considered together, for, if there was sufficient evidence to warrant the court in refusing to grant the motion for a nonsuit, there was sufficient to justify the verdict. We think the court did not commit error in refusing to grant the motion for a non-

suit.  The testimony is simply conflicting.  Respondent's testimony was positive as to the fact that he was to receive the full commission when the contract was accepted, and the testimony of witness Wilhelm is to the effect that this admission was made by Chilcott, manager of the transportation company; but, if there is any rule well settled in this court, it is that it will not invade the province of the jury and weigh the testimony.  The testimony of the respondent, even considering that it was under cross examination which was exceedingly energetic, left sufficient to sustain the judgment.  Whether that testimony was successfully contradicted or outweighed by testimony produced by the defendants, as we have before indicated, are questions solely within the province of the jury.

It is also contended that the court erred in not ruling upon the objection to certain testimony introduced by the plaintiff, for the reason that the preliminary contract entered into between the Denver people and the appellants was reduced to writing, and that the writing was the best evidence of the contract.  The plaintiff was asked what, in substance, this contract was, and, after his testimony had been given without objection, a motion was made to strike out that portion of the answer of the witnesses purporting to sustain the terms of the contract as not the best evidence.  The attorney for plaintiff, with the evident intention of laying the foundation for such question, then asked the witness the questions:

" Q.  Have you the contract in your possession?
A.  No, sir.
Q.  That is in the possession of the defendant, is it not?
A.  I believe so."

The defendants' attorney then moved to strike that testimony out.  The next question by plaintiff's attorney was as follows:

" Q.   This was said in your presence by Mr. Chilcott to these gentlemen of the Denver Yukon Mining and Transportation Company; is not that right?

A.   Yes, sir.   We were all in the office together.

Q.   That is all you know about the contract, is it not?

A.   That is all I know about it.

Q. ,  You don't know whether it was a written contract or not?

A.   I know that Mr. Chilcott made a memorandum of that contract on the paper,—on a paper in his desk, while we were talking,—and turned it over to his stenographer to have it drawn up.   That is all I know about the contract."

This ended the testimony upon that subject.

We think, in the first place, that this testimony is immaterial; for its substance was testified to by the defendant in relation to the contract, and no issue was made of the contents of this contract.   It seems to have been treated as immaterial, not only by the court, but by the counsel in the case, as the matter appears to have been dropped by both counsel, and it was not especially urged upon the court.

The next contention is that the court erred in sustaining the plaintiff's objection to the following questions in the cross examination, after questioning the plaintiff in regard to his business capabilities:

" Q.   Did you do other business besides this?

A. .  I did some little business; yes, sir.

Q.   In addition to this?"

Counsel for plaintiff objected to this line of examination as incompetent, immaterial, and irrelevant.   It was stated by counsel for the defendants that the object of the question was to show the fact as to whether or not the witness (plaintiff in the case) had any experience in this kind of business, and also whether or not he was familiar with the customs prevailing pertaining to marine com-

missions in this community. The question was finally asked him:

"Q. Do you know the custom prevailing among commission men pertaining to marine commissions in the city of Seattle?"

Objection was made to this and sustained by the court. We think this objection was properly sustained. This question is based upon a specific contract. It is specifically alleged that the contract was that the commission should be paid when the contract was accepted by the transportation company, but this plaintiff could not be bound by any custom in relation to the payment of commissions. In fact, the defense does not rest upon the custom, but upon the specific contract, viz., that the commission should not be paid until the plaintiff had received the money on the contract. Paragraph five of the answer is as follows:

"That on or about the 14th day of March, 1898, said plaintiff and defendants entered into an oral agreement, wherein and whereby it was agreed that defendants should pay to plaintiff, for business secured for said defendants, a commission of five per cent. upon the gross amount of said business paid for, and it was expressly understood and agreed at the time of making said agreement between plaintiff and defendants that no commission should be due or payable to said plaintiff until the defendants had been paid for said business by the parties negotiating the same with said defendants through said plaintiff."

Certainly, if this had been the real contract, the defendants could not have been bound by any custom in relation to the payment of marine commissions, if the custom proven had been to the effect that the commission was due when the contract was entered into. Neither could the plaintiff be bound by any custom shown which was in opposition to his alleged contract, so that the custom, if any existed, was absolutely immaterial, under the

theories announced by both the plaintiff and the defendants in their respective pleadings.

We think the court did not err in allowing the original complaint, which was not in issue in the case, to be taken up by the jury when they retired to consider their verdict. The judgment will be affirmed.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.