[No. 3830. Decided February 7, 1901.]

D. S. JOHNSTON, *Appellant,* v. THOMAS McCART *et ux.,* Respondents.

APPEAL — SUFFICIENCY OF EVIDENCE.

It is a settled rule that the supreme court will not on appeal disturb a verdict, where the question of fact involved was properly submitted to the jury, although the court may believe the facts to be otherwise than as found.

REPLEVIN — BURDEN OF PROOF.

In an action of replevin to recover possession of goods sold under a contract in the nature of a conditional sale, the burden of proof is upon plaintiff to establish ownership and right of possession in himself, even although defendant, by an affirmative defense, sets up a plea of payment in full, since such plea in an action of replevin amounts to no more than an allegation of property in defendant, and adds nothing to the answer of general denial.

EVIDENCE — VARIATION OF WRITTEN CONTRACT — CONTEMPORANEOUS ORAL AGREEMENT.

Parol evidence is admissible for the purpose of showing that, by a contemporaneous oral agreement, a written contract between the parties providing for payments of money had been so far modified as to permit the stipulated payments to be rendered in services instead of money. . ·

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*Pritchard & Harvey, Mendenhall & Strong,* and *Jerry E. Bronaugh,* for appellant: .

This court has held that the defense of payment is new matter and must be affirmatively alleged by the defendant. *Roberts v. Washington National Bank,* 11 Wash. 550; *Richards v. Jefferson,* 20 Wash. 166. And it has also been decided by this court that the burden of proof rests upon the party, either plaintiff or defendant, who holds the affirmative of any proposition necessary to be established. *Wright v. Stewart,* 19 Wash. 179. See, also, the following very recent cases supporting this contention: *Turrentine v. Grigsby,* 23 South. 666; *Blass v. Lawhorn,* 64 Ark. 466; *Lakeside Press, etc., Co. v. Campbell,* 22 South. 878; *Harley v. Harley,* 66 Ill. App. 138; *Rhodes v. Webb-Jameson Co.,* 49 N. E. 283.

*Graves & Graves,* for respondents:

In actions of replevin the defendant may, under the general denial, introduce proof of any circumstance which tends to defeat the plaintiff's right to possession when the action is commenced. It is not necessary for defendant to allege payment as an affirmative defense in order to prove the same upon the trial, and, therefore, in this case the burden of proof is not shifted from the appellant to respondents. *Lillie v. Shaw,* 22 Wash. 234 (60 Pac. 406); *Chamberlin v. Winn,* 1 Wash. 502; *Fredericks v. Tracy,* 33 Pac. 750; 2 Pomeroy, Remedies (2d ed.), § 678.

While it is true, as a general rule, that parol evidence is inadmissible to contradict the terms of a written con-

tract, it is consistent with the weight of modern author-
ity to show that, at the time a written contract is made,
a supplemental oral agreement was entered into between
the parties to show how, and in what manner, payments
were to be made under the contract; and this is true even
though the express terms of payment are stated in the
written contract. *Buchanon v. Adams,* 49 N. J. Law,
636 (60 Am. Rep. 666); *Lynch v. Henry,* 44 N. W. 837;
*Kane v. Cortesy,* 100 N. Y. 132; *Thomas v. Loose,* 114
Pa. St. 35; *Kullmans v. Lindsay,* 114 Pa. St. 166; *Ed-
walt v. Farlow,* 62 Iowa, 212; *Delaney v. Linder,* 22 Neb.
274; *Paul v. Owings,* 32 Md. 402; *Marsh v. Bellew,* 45
Wis. 36; *Phillips v. Preston,* 5 How. 278 (12 L. ed. 152);
*Carr v. Dooley,* 119 Mass. 294; 2 Jones, Evidence, § 507;
Browne, Parol Evidence, pp. 128, 129.

The opinion of the court was delivered by

MOUNT, J.—This action was brought to recover pos-
session of a piano and for damages for its unlawful de-
tention.   The complaint alleges, in substance, that the
appellant had agreed to sell and had delivered to respond-
ents the piano in question, under a written contract in
the nature of a conditional sale, which contract provided
that, in case the respondents failed to make any of the
payments at the time agreed upon, or should remove or
attempt to remove or sell said instrument, then the ap-
pellant might retake the same wherever found; and, fur-
ther, that respondents had failed to make the payments
agreed upon and had, without the consent of the appel-
lant, removed said instrument from Wallace, Idaho,
where the contract was made, to Spokane, Washington;
that appellant, before bringing the action, demanded
possession of the respondents, which demand was refused.
The respondents, after admitting the contract and re-

moval and payments alleged, denied generally the other allegations of the complaint and alleged affirmatively that, by a contemporaneous oral contract, payments were to be made, not in money, as provided in the contract, but in commissions for the sale of other instruments, and that by the terms of this oral contract all payments to be made upon the written contract had been made; and also alleged, by way of counterclaim, that, subsequent to the written contract, respondents had, at the request of appellant, rendered services to the appellant, the reasonable value of which more than offset the purchase price of the piano sued for. When the action was brought, appellant took possession of said piano under the statute, and had the same at the time of the trial. On the trial the jury found for the respondents. From the judgment rendered upon the verdict, plaintiff appeals.

Numerous errors are assigned in appellant's brief, which for convenience here are grouped under three classes: (1) That the verdict is not supported by, and is contrary to, the evidence; (2) that the court erred in permitting respondent's counsel, upon cross-examination of witnesses, to ask certain questions; (3) that the court erred in its instructions to the jury. Upon the first class of errors we find ample evidence in the record to support the verdict of the jury. It is a settled rule that this court will not disturb verdicts where the question of fact is properly submitted to the jury, even although this court may believe the facts to be otherwise than as found by the jury. *Swadling v. Barneson,* 21 Wash. 699 (59 Pac. 506).

Second. While some of the questions asked upon cross-examination by respondents' counsel were undoubtedly open to criticism, we are of the opinion that the

court below did not abuse its discretion in this regard, and that no reversible error was committed.

Third.    The principal contention in this case arises upon the instruction of the court to the jury, wherein the court instructed the jury as follows:

"The real issue is, Was there any money due on the piano at the time it was taken? You are judges of the credibility of the witnesses.  If you find that any witness has wilfully testified falsely, in regard to any material fact, you are at liberty to disregard his testimony entirely, except when corroborated.  The burden of proof is on the plaintiff, to show at the time it was taken that anything was due on the piano, and should show that fact by a preponderance of the testimony.  Preponderance of the testimony is the convincing proof; if the evidence is clearly balanced on all the facts as to the payments claimed by defendants, you should find for the defendants."

It is urged by appellant that this instruction is erroneous, because the action is founded upon a failure to pay money which the respondents have promised and agreed to pay, and when the respondents claimed to have made payment this is new matter, and must be set up as an affirmative defense; that is to say, the burden of proof is on the respondents to show such payment.  This rule urged by appellant for application here is certainly correct in actions upon promissory notes, and where the action is founded upon a failure to pay money and the like, but is not applicable in an action for replevin or claim and delivery, as in the case at bar.  In cases of this character, it devolves upon the plaintiff to prove ownership, which in this case depended upon the fact whether the defendants had failed to pay for the piano or not.  Under a general denial, the defendants would have been permitted to have shown that they had fully paid for the instru-

ment in question, and the plea of payment here neither abridged nor enlarged their right of proof in that regard, nor placed the plaintiff in any different position from that in which a general denial would have placed him. The onus is upon the plaintiff to prove title in himself, and this was the real issue in the case. The plea of payment was, in effect, a plea of property in the defendants. Under such a plea, the burden is upon the plaintiff to show his title. Cobbey, Replevin, §§ 1003, 1005, 1006, 1036, 1040.

It is also urged that the contemporaneous oral agreement above referred to is one upon which no evidence could have been received, because it contradicted the terms of the written contract. This oral agreement was not a contradiction of the terms of the written contract, and did not vary that contract except in the manner of payment, and this can be shown. It is also competent to show that the parties, either at the same time or subsequently, upon a new consideration, agreed how the payments provided for in the original contract might be made, either in money or money's worth, and this is not such a variance as is contemplated by the general rule here announced. 1 Greenleaf, Evidence (15th ed.), 303; *Weeks v. Medler,* 20 Kan. 57.

The other instructions complained of substantially state the law as applied to this case.

We find no reversible error, and the judgment will therefore be affirmed.

REAVIS, C. J., and DUNBAR, FULLERTON and ANDERS, JJ., concur.