[No. 4215.   Decided March 9, 1903.]

MELISSA C. BUDLONG, *Respondent,* v. EDITH J. BUDLONG, *Appellant.*

LANDLORD AND TENANT — ESTABLISHMENT OF RELATION —CONTRACT OF DIVORCED HUSBAND AND WIFE — CONSTRUCTION — MATERIALITY OF EVIDENCE.

A husband and wife were divorced and certain real property was conveyed to the husband by the wife, under a written agreement that she should have the right to live there free of rent until her death, remarriage, or a *bona fide* sale of the property by the husband, in which latter event she was to be secured for the payment by him of the monthly value of the premises. The husband remarried and made a conveyance of the premises to his second wife, agreeing to pay the former wife, but without giving security therefor, the monthly value thereof if she would surrender possession, which was done by her, but, on failure to pay her the value of the monthly rental, she brought an action against her former husband and his present wife on the theory that plaintiff had a life estate in the premises, that defendants were occupying it as her tenants, and had failed to pay the monthly rental agreed upon. The defendants sought to show

that plaintiff's conduct on leaving was inconsistent with her theory of an interest in the property. *Held,* that evidence to that effect was properly excluded, as plaintiff's relations to the property should be determined by the terms of the written agreement, unless subsequently modified.

SAME — WAIVER OF RELATION.

Under an agreement that plaintiff held an estate in property which could be terminated only by death or marriage, or by a *bona fide* sale by the holder of the fee, with the rental value perpetually secured to her as long as she remained alive and unmarried, the yielding by her of possession to the holder of the fee and his wife, in consideration of the payment of a monthly sum, would not be inconsistent with her estate, where no provision was made for securing to her the monthly payments and these were merely treated by her as a rent charge; nor would the fact that such monthly payments to her were sometimes designated in the receipts as "contract money" change the relation of the parties from that of landlord and tenant to something else.

APPEAL — SUFFICIENCY OF EVIDENCE.

The verdict of the jury will not be disturbed, when the evidence is conflicting and the case has been submitted to them under proper instructions.

Appeal from Superior Court, King County.—Hon. GEORGE MEADE EMORY, Judge. Affirmed.

*John F. Dore,* for appellant.

*Carroll & Carroll,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Appellant, Edith J. Budlong, and her co-defendant in this cause, George E. Budlong, are husband and wife. Respondent, Melissa C. Budlong, was formerly the wife of said George E. Budlong; but the two were divorced by decree of the superior court of King county, Washington, on the 10th day of November, 1893. On the same day the decree of divorce was entered respondent by quitclaim deed conveyed to her said divorced husband

certain real estate situate in the city of Seattle. The property consisted of a lot and a dwelling house thereon, in which respondent was at the time residing. On the same day respondent and her said divorced husband entered into a certain written contract relating to the property above mentioned. Omitting the description of the property, the contract is as follows:

"This indenture witnesseth that George E. Budlong, party of the first part, and Melissa Caroline Budlong, the party of the second part, have agreed and hereby stipulate and agree as follows, towit:

"That for the sum of one dollar (and other good and sufficient consideration, the receipt whereof is hereby acknowledged) paid and delivered by the said party of the second part to the said party of the first part, the said party of the first part does hereby grant, lease and demise unto the said party of the second part the following described property in the city of Seattle, county of King and state of Washington: [Here follows description of property.] That the said use and lease is hereby granted for and during the life time of the said party of the second part, provided that this lease shall cease and determine from and after the marriage of the said party of the second part, it being understood that this lease is made for the use and benefit of said party of the second part during her life time or as long as she remains a single woman; provided further that said party of the first part shall have the right at any time to sell the said property; provided further, that when such sale is made said party of the second part shall surrender to the purchaser thereof the possession of the premises on the securing to her by the said party of the first part the monthly payment of the monthly rental value of the said premises; provided further, that such payment shall cease and determine on the death or marriage of said party of the second part; that the said party of the first part shall pay monthly to the said party of the second part the sum of fifteen dollars ($15) for the board and lodging of

Walter E. Budlong, the minor child of the said parties, so long as said child makes his home with the mother, the said party of the second part, and no longer; provided that the said payment for the said child shall cease when he shall have reached the age of twenty-one (21) years.

"That the said party of the first part, in addition to the payment of the said sum of fifteen dollars ($15) for the use of the said child as aforesaid shall also during his minority bear the expense of clothing the said child and of educating him, the same to be provided as occasion and circumstances may require.

"That when said property is sold, should the said second party be entitled to the monthly rental value thereof, such value, and the means of securing it as heretofore provided should the parties not be able to agree thereon, shall be ascertained and determined by arbitrators appointed as follows: Said first and second party shall appoint one person each, and the said two persons so appointed shall select a third person and the said three persons shall fix the rent to be paid monthly to the said party of the second part, and shall determine upon the means of securing the same.

"Should the said residence on the said premises be destroyed by fire the said first party shall rebuild the same or pay to the said second party the current monthly value thereof which payment shall be made each and every month as long as the said second party is entitled to receive the same according to this instrument or until the said residence is rebuilt."

The instrument was signed and duly acknowledged on the day of its date by both parties thereto. Agreeably to the terms of said contract, respondent continued in possession of the premises mentioned therein, and on the 5th day of December, 1894, said George E. Budlong conveyed the property by deed to appellant, Edith J. Budlong, who had in the meantime become his wife. About this time respondent vacated the property and yielded possession to appellant, in consideration of an oral agreement that she

should receive the monthly payment of $18.50 in cash. For failure to continue these payments, respondent, on the 8th day of April, 1901, served a written notice upon appellant and her husband, which was in form a notice to terminate a tenancy and a demand for surrender of possession of the above-named premises. Surrender of possession was refused, and respondent thereupon brought this action for possession and for damages because of the detention of the premises. The theory of the complaint is that respondent is seized for life of the premises, and that she stood in the relation of a lessor to appellant and her husband as lessees. Appellant and her husband and co-defendant answered, admitting the service of the notice to quit, but they deny that they were in possession as tenants of respondent under a lease for an indefinite time, or under any lease whatever, or that their possession depended upon any relation growing out of landlord and tenant with respondent. They further answer, setting up the written contract hereinbefore set out, and also aver that for full value received said George E. Budlong sold and conveyed the premises to his wife, Edith J. Budlong, the appellant. They further aver that upon the making of said sale the said George E. Budlong and the respondent, acting under the provisions of said written agreement, and in order to induce respondent to surrender to appellant, as purchaser of said premises, the possession thereof as in said contract provided, had a settlement and mutually agreed that the monthly payment to be made to respondent by said George E. Budlong, calculated and fixed as in the contract provided, was the sum of $18.50; that it was further agreed that the promise of George E. Budlong to pay said sum monthly was sufficient, and that the giving of additional security was waived; that thereupon respondent abandoned the possession of the premises and surrendered

the same to appellant, who has ever since held the same;
and that said George E. Budlong has kept and performed
his part of said agreement, and has paid all monthly sums
agreed to be paid.    The above allegations are denied by
the reply, and it is affirmatively alleged, by way of reply,
that the deed from George E. Budlong to Edith J. Budlong
his wife, was made without any consideration of value
whatever, and for the sole purpose of hindering, delaying,
and defrauding creditors of said George E. Budlong, and
with the purpose and intent to defraud respondent, and
delay the payment of judgments obtained by respondent
against him, which purpose was known to appellant; that
said deed was also made and delivered with the express
purpose and intent on the part of said husband and wife
to defraud, hinder, and delay the execution of the provis-
ions of the written contract hereinabove set out.    Upon the
above issues the cause was tried before a jury, and resulted
in a verdict in favor of respondent, that she is entitled to a
restitution of the property described in the complaint, and
assessed her damages in the sum of $158.75.    Motion
for new trial was denied, and judgment was entered in
accordance with the verdict.    From the judgment the
defendant Edith J. Budlong alone appeals.

It is assigned as error that the court refused to permit
appellant to show what respondent did in relation to the
property when she was leaving it.    It is appellant's conten-
tion that the conduct of respondent when she was leaving
the premises was inconsistent with the theory that she
believed she had any interest in the property, and that the
testimony was admissible as throwing light upon her in-
tentions.    It appears to us, however, that respondent's re-
lation to the property must be determined by the terms of
the written agreement above mentioned, unless that agree-
ment has been nullified by the mutual consent of herself

and her former husband. Mere conduct in the way of removing something from the premises would neither show nor necessarily tend to show that respondent had actually released her rights under the written agreement and had no further interest in the property. It might with equal force be argued that such conduct would tend to show her belief that she still had an interest in the premises, and such an interest as gave her a right to the removal of such articles. The record upon which this error is assigned is as follows: Appellant's counsel asked her the following question: "I will ask you to state whether or not at that time she took anything belonging to the property away." An objection was made, but the witness answered: "She tore it all up." Her counsel then stated the purpose of the examination, and what he desired to show. The court announced the objection sustained, but no motion was made to strike the answer, and it remained in the record as a part of the testimony. No other question was asked her upon that subject. Under the circumstances, even if the evidence were material, we think no prejudicial error can be predicated upon the record as made.

It is assigned that the court erred in refusing to grant a new trial. It is contended that the verdict of the jury is against the weight of the testimony, and that respondent failed to sustain the allegations of her complaint. The evidence shows that for a time after respondent left the premises the monthly payments were made, and then for a long period they were neglected. A suit was brought by respondent for the enforcement of these neglected payments, which resulted in the collection by her of about $1,100 on account thereof. The payments were, however neglected again, and this suit was then brought for the purpose of restoring respondent to possession of the prem-

ises. The written contract in evidence undoubtedly established in respondent a life estate in the premises if she remained unmarried, subject, only, to the condition that if George E. Budlong, the holder of the fee, should sell the property, she would surrender possession, if he secured her the monthly payments of the monthly rental value of the premises. Whether George E. Budlong actually sold the premises as contemplated by the written agreement, or whether the transfer was made for no valuable consideration and for a fraudulent purpose is squarely in issue under the pleadings. The testimony of appellant is that the transfer was made to her for an actual money consideration. But in this she is not supported by her husband and codefendant, the grantor in the deed. Appellant says that, when she and her husband were married, she owned household furniture worth about $3,000, and that by agreement with her husband it was determined that she should remove the same to her husband's residence, and they would use it as the furniture of their home. This was done, and appellant testified that the transfer to her of the property in controversy here was made in consideration of the purchase of the household furniture by her husband. This her husband and codefendant denies, and further says that there was no money consideration for the transfer. He further testified as follows:

"Q. Now, state to the court how you came to give that deed, please. A. Well, I don't hardly know. She kept wanting me to make the property over to her all the time, and to kind of pacify her I done it. She wanted the property made over to her. She kept at me to deed the property to her, and claimed that the other party was going to get away from us, all the time, so as she couldn't get it in her name."

There was testimony, therefore, upon which the jury

could find that there was no actual sale of the property as was contemplated by the written contract, and such as placed respondent under compulsory obligations to surrender possession. It is true respondent did surrender possession about the time the deed to appellant was made, and appellant claims that the surrender was made by virtue of the requirement to that effect in the written contract, and that respondent waived her right to security for the monthly rental value of the property—a right given to her by the contract. The testimony shows that the attorneys of respondent and George E. Budlong agreed upon the sum of $18.50 as a monthly sum to be paid in the event respondent vacated the property, and that she acquiesced in the acceptance of that sum. There is however, no testimony that respondent authorized the waiving of security for the payment of the monthly sums as they should mature. The attorney who acted for George E. Budlong at that time testified that he so understood it from respondent's then attorney, but not from respondent herself. Her own attorney does not testifiy that he had such authority, and his memory of the whole transaction seems to have been vague and indefinite. The proposition needs only to be stated that, without special authority from respondent to waive the giving of the security which her written contract required, her attorney could not waive so valuable a contract right. The jury could therefore find, under the evidence, that no actual sale was made, that respondent may have voluntarily yielded possession to appellant simply in consideration of the payment of $18.50 monthly, and that she did not release her rights in the property under the contract and accept in lieu thereof the unsecured promise of her former husband. These questions of facts were all submitted to the jury. The jury found the facts in

favor of respondent, and the verdict is supported by testimony in the record. We shall not undertake to say that the jury should have found the weight of the disputed testimony to be in appellant's favor. That is for the jury to determine, and we do not find in the record any manifest abuse of their prerogative. The instructions of the court were very clear and definite as to the law governing all the facts submitted to the jury, and we think fully and correctly covered every feature involved in the case. The record does not disclose that appellant even excepted to the instructions. Under such circumstances, and for mere conflict of evidence, the verdict should not be disturbed. *Herrman v. Great Northern Ry. Co.*, 27 Wash. 472 (68 Pac. 82, 57 L. R. A. 390); *Johnston v. McCart*, 24 Wash. 19 (63 Pac. 1121); *Swadling v. Barneson*, 21 Wash. 699 (59 Pac. 506).

While the record presents a case of mere conflicting evidence yet we have discussed the pleadings and facts somewhat at length, in order that the legal relations of the parties, following from the facts as found by the jury, may be the better understood. Under the facts which it was competent for the jury to find, under the evidence as above stated, respondent was entitled to the possession of the premises when she failed to receive the payment of the agreed monthly sums. She held an estate in the property which could only be terminated by death, marriage, or a *bona fide* sale by the holder of the fee, with the rental value perpetually secured to her as long as she remained unmarried. It is not inconsistent with the holding of such an estate that she may have yielded possession to appellant and her husband in consideration of the payment of a monthly sum. Her estate was such that she might have made such an arrangement with any other person, and between them the relation of landlord and tenant would

have existed. Under the facts as resolved by the jury, such was the relation between respondent and appellant and her husband. The fact that the monthly payments at times paid by appellant and her husband may have been designated, in the receipts given, as "contract money," does not change the relation from that of landlord and tenant to something else. It matters not what the money was called, if in fact it was paid as a consideration for the right of possession under respondent as the holder of the estate created by her contract with George E. Budlong.

We find no reversible error, and the judgment is affirmed.

FULLERTON, C. J., and MOUNT, DUNBAR and ANDERS, JJ., concur.