The motion will be sustained, and the cause dismissed.

---

[No. 4503.   Decided March 16, 1903.]

ED. ANDERSON, *Respondent,* v. A. V. McDONALD, *Appellant.*

CONTRACTS — BREACH — NONSUIT.

In an action to recover for a breach of contract, a motion for nonsuit was properly denied, where it appeared that defendant had contracted with twelve laborers, as a partnership, for their services in excavating and tunneling along a railway line, that, upon a change in the route, six of the men quit work and refused to return, but that the others continued work under a new agreement whereby they were to receive a stated amount of cash for work done under the partnership contract and were to be paid

days' wages for their future labor, and that defendant had committed a breach of such contract by refusing to make the cash payments, or to permit them to go on with the work after they had entered upon it under the new contract.

SAME.

Where a contract contemplates the making of cash payments for labor performed, the refusal to make such payments constitutes a breach, for which suit may be maintained.

SAME.

Where defendant, after entering into a contract for the services of plaintiff's assignors, and upon the performance of which they had entered, told them that he had taken charge of the work himself, that there was nothing more for them to do, and that he would not pay them another cent, his conduct amounted to a refusal to permit them to proceed, and constituted such a breach as to warrant a recovery for the amount unpaid for services rendered.

INSTRUCTIONS — HARMLESS ERROR — COMMENT ON FACTS.

Error of the court, if any, in referring to the facts in a case in charging a jury was cured by further instructions in which the jury were told that any reference made to the facts was not intended as an intimation of any opinion of the court, and that they were the sole judges of the facts in the case.

SAME.

An objection that an instruction excludes from the consideration of the jury one of the defenses of defendant, constitutes harmless error, where all the evidence introduced was submitted to the jury and their verdict was equivalent to an affirmative finding adversely to defendant's contention.

NEW TRIAL — IMPROPER VERDICT.

The fact that the jury gave a verdict for just one-half of the amount claimed in an action for work under a contract providing a stipulated rate of wages is not ground for new trial, where one of the issues in the case was the amount of time actually spent by plaintiff and his assignors upon the work, defendant claiming that a portion of the men were often intoxicated and thus incapacitated for doing their work.

Appeal from Superior Court, Whatcom County.—Hon. Jeremiah Neterer, Judge. Affirmed.

*Kerr & McCord,* for appellant.

*Ed. E. Hardin,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—The respondent, for himself and as the assignee of five other persons, brought this action against appellant to recover for amounts alleged to be due from appellant to respondent and his assignors on account of certain work done by them upon the construction of that portion of the line of the Seattle and Montana railroad commonly known as the "Chuckanut Cut-Off." The complaint alleges that appellant, as a contractor, had undertaken to perform certain constructive work along the line of said road, which included the approach and tunnel hereinafter mentioned; that respondent and his assignors entered into a verbal contract with appellant, whereby they undertook, at agreed prices, to excavate and construct an approach from a given point to a certain proposed tunnel as located by said railroad company, and also to bore, excavate, and construct as much of said tunnel as lies between said approach and the center of the tunnel; that they entered upon said work, and diligently prosecuted the same until on or about the 3d day of October, 1901, during which time they hired other men to assist in the work, for whose labor appellant paid upon the verbal request of respondent; that about said last-named day, the said railroad company, through its engineer in charge, changed the line of said road so that another and different approach to said tunnel was established, and which in large part required the abandonment of the approach as originally located; that on or about said day respondent and his assignors received knowledge of said change, and also that the relocation required the approach to be made much longer, deeper, and wider than that which they had under-

taken to construct; that the dangers attendant upon construction of the relocated line and prices for labor and cost per cubic yard required for constructing and excavating the same were much greater than those required upon the original line; that on said date respondent and his assignors entered into a verbal agreement with appellant, whereby it was mutually agreed that their contract first above mentioned should be terminated, and that the same was then abrogated; that, in consideration of said, abrogation and mutual release of the parties from further obligations thereunder, it was further agreed that respondent and all of said assignors except one were each to continue to labor for appellant upon said relocated approach and in said tunnel until constructive work thereon was finished, and that appellant was to pay to each of the five who continued with the work $2.50 per day for each day's labor of ten hours which they had theretofore performed under their former contract, and a like sum for each day's labor thereafter performed; that it was further agreed that the retiring one of respondent's assignors, who was not to continue with the future work, should be paid at the same rate for work he had already done; that each of said persons who had theretofore received money on account of the first contract should receive at that time the sum of $25 cash, and each of those who had not theretofore received any money should then be paid $50 cash, and that the remaining sums due for the prior work should be paid from time to time thereafter as the further work progressed; that in pursuance of the last-named contract respondent and the four others who had agreed to continue with the work entered thereon, and began to labor upon said approach to the tunnel, and continued so to labor under said contract until on and during the 4th day of October, 1901, at which time appellant refused to permit them to further labor under said con-

tract. The number of days' labor claimed to have been performed by those working under the two alleged contracts is set out, together with credits for board and certain payments, and the same is true of the one who worked only during the first period. It is alleged that appellant refused to pay the respective balances alleged to be due, and judgment is demanded in the aggregate for $464.13. Appellant answered, admitting that he had a contract with the railroad company to perform certain work. He denies the making of the first contract as set out in the complaint, but alleges that he made a contract with a copartnership consisting of twelve persons, of which copartnership respondent and his assignors were members. The details of the contract he sets up are substantially the same as those alleged in the complaint, except as to the persons interested therein, with the further allegation that said contract was made subject to the general printed specifications of the railroad company, which provide that changes in the grade and location of the road may be made at any time upon the order of the engineer in charge. He denies the making of the last contract alleged in the complaint, and alleges overpayment for the work actually done, with a demand for judgment for the amount of such over-payment. The cause was tried before a jury, which resulted in a verdict for respondent in the sum of $232.07. Appellant's motion for new trial was denied. Judgment was entered upon the verdict, and from said judgment he has appealed.

It is assigned that the court erred in refusing to grant a nonsuit. It is contended by appellant that his first contract was made with a partnership of twelve persons, and that the evidence of respondent did not establish the abrogation of that contract by the consent of all the members of said copartnership. There was evidence introduced by

respondent to the effect that the colaborers of himself and his assignors worked with them until a change was made in the line of location, when all their said colaborers quit the work, refusing to consent to the change. It was also shown that appellant knew of this, and that said persons never returned to the work. Respondent and his assignors consented to the change, and continued with the work for some months afterwards, and until the said 3d day of October, 1901, when they also declined to proceed, because of another change in the line of location. Appellant knew of the retirement of the other men, and was advised of their reason for it. He, however, consented to the continuance of the work by those who remained, and for months gave his approval thereto. We think the evidence sufficiently showed, as against a motion for nonsuit, an abandonment by the men who left of all their interest in the first contract, and that their remaining associates were not precluded from making such a new contract with appellant as that alleged in the complaint. The terms of the alleged new contract were stated by several witnesses. We think the terms stated showed a new contract, based upon the consideration of mutual release from the terms of the first one, and also upon further consideration, that running to appellant being that the work should not be abandoned, but should be continued without delay, and that running to respondent and his associates being the promise of appellant to pay them at the rate of $2.50 per day for both the prior and future work, together with certain cash payments. Such a contract entailed mutual obligations, contemplated benefits upon both sides, and was, therefore, based upon sufficient consideration. There was testimony to the effect that the printed specifications of the railroad company, which it is claimed require contractors to submit to changes in the line of location, were not made a part of

the first contract. There was also evidence as to the amounts claimed to be due, and that appellant had refused to make the cash payments, or to permit them to go on with the work after they had entered upon it under the new contract. Respondent's testimony, therefore, established a contract and a breach thereof as against a motion for nonsuit. The refusal to make the cash payments contemplated by the new contract was a breach for which suit could be brought within the rule announced by this court in *Arnott v. Spokane*, 6 Wash. 442 (33 Pac. 1063). At page 450, the court said:

"When the appellant failed to pay cash when due, according to the terms of the contract, the respondents were at liberty either to stop all work under the contract and sue for the recovery of the resulting damages, or to proceed with the work to completion, notwithstanding the breach."

A further breach was also sufficiently shown, as against a motion for nonsuit, by testimony that appellant refused to permit the work to proceed under the new contract after it had been begun. We think no error was committed in denying the motion for nonsuit.

It is assigned that the court erred in instructing the jury that, if they found that the respondent and his associates commenced to labor under the alleged new contract, and that appellant afterwards refused to permit them to proceed further, they should then find against appellant for the amount unpaid for work done under both contracts at the rate per day agreed upon in the new one. It is urged that this instruction was erroneous, for the reason that there was no evidence showing that appellant ever refused to permit the parties to proceed. We find testimony in the record to the effect that appellant told the parties that he had taken charge of the work himself; that he would

not pay them another cent, and that there was nothing more for them to do. We think such testimony was sufficient to authorize the above instruction. If such testimony was true, then appellant voluntarily put an end to the contract, and, having prevented the others from performing it, he is estopped to deny that they are damaged to the extent of the amount unpaid for services rendered. *United States v. Behan,* 110 U. S. 338 (4 Sup. Ct. 81).

Error is assigned upon an instruction which was to the effect that much evidence had been admitted concerning the old contract, and that the purpose thereof was to enable the jury to better understand the entire relations of the parties and the condition of their minds at the time the old contract is said to have been abrogated and the new one made. The objection to this instruction is urged upon the ground that it is a comment upon the evidence, and that it excluded from the consideration of the jury the affirmative defense wherein appellant claims that respondent and his assignors are indebted to him. We think the instruction is not susceptible to the criticism that it is a comment upon the facts, especially in view of other instructions in which the court told the jury that any reference made to the facts was not intended as an intimation of any opinion of the court as to the facts in the case, and that they were the sole judges thereof. Furthermore, we do not understand appellant to seriously contend that he has a right to recover over in this action under his said affirmative defense, but rather that it was interposed simply as a defense. In any event, the court submitted all the testimony thereunder to the jury, in order that they might consider it for the purpose of determining if a new contract was made. The jury, by its verdict, having found from all of the evidence that such new contract was made, no right of recovery over could rest in appellant. Such right would be inconsistent

with the terms of the new contract, which contemplated cash payments at once to respondent and his assignors, and also the future payment of other sums. Anything contained in the instruction we therefore think could be no more than harmless error in view of the jury's determination of what the facts were.

It is urged that error was committed in denying the motion for new trial. The verdict was for just half the amount demanded in the complaint. Appellant contends that, if respondent is entitled to recover at all, he is entitled to recover the full amount, and that the jury must have reached its verdict by some compromise agreement, or by resorting to chance of some kind. One of the issues in the case was, however, the amount of time actually spent by respondent and his associates upon the work. Appellant testified that a portion of the men were often intoxicated, and incapacitated for doing the work. Under that testimony we shall not undertake to say that the jury were not justified in reducing the time and in returning the verdict which they did. The jury heard the conflicting evidence, and passed upon it. Such being their province, we shall not, for mere conflict of evidence, disturb the verdict. *Herrman v. Great Northern Ry. Co.*, 27 Wash. 472 (68 Pac. 82, 57 L. R. A. 390); *Johnston v. McCart*, 24 Wash. 19 (63 Pac. 1121); *Swadling v. Barneson*, 21 Wash. 699 (59 Pac. 506). The record shows evidence upon which to found the verdict. The trial court heard the witnesses testify, and was better qualified than is this court to judge of the weight that might properly be accorded by the jury to the testimony of the several witnesses. We shall therefore not disturb the ruling upon the motion for a new trial.

The judgment is affirmed.

FULLERTON, C. J., and MOUNT, DUNBAR and ANDERS, JJ., concur.