[No. 13346. Department Two. November 18, 1916.]

R. W. WALLACE, *Respondent*, v. F. B. BABCOCK *et al.*, *Appellants.*[1]

EVIDENCE—PAROL TO VARY WRITING—WAIVER OF LEGAL TENDER. A waiver of legal tender of the contract price to be paid for wheat affects only the mode of payment and hence is not inadmissible as varying the terms of the written contract.

TENDER — WAIVER — EVIDENCE — SUFFICIENCY. A waiver of legal tender of the contract price for wheat is sufficiently shown by failure to reply to a letter that the buyer would pay by his check, taken in connection with other circumstances.

APPEAL—HARMLESS ERROR—TRIAL—MISCONDUCT OF COUNSEL. Error cannot be predicated upon an improper remark of counsel in argument, where on objection the jury was admonished that it was improper and to disregard it.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered June 11, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Modified.

*Giles C. Rush* and *R. M. Webster*, for appellants.

*Samuel P. Weaver*, for respondent.

MORRIS, C. J.—Action for damages for breach of contract. Defendants answered and, by affirmative defense, set up a counterclaim. The cause was tried to a jury, and a verdict rendered in favor of plaintiff. Defendants appeal from a judgment entered upon the verdict.

In July, 1914, appellants desired to sell 10,000 bushels of wheat. Respondent made an offer of 67¼ cents a bushel, which offer was accepted, and on July 14th, respondent sent appellants a contract of sale. The letter enclosing this contract concluded with the following sentence:

"When you get your warehouse receipts for this wheat mail them to me and I will send you check to cover."

[1]Reported in 160 Pac. 1041.

Appellant acknowledged receipt of this letter, but made no mention in his answer of the sentence quoted. Thereafter, the contract of sale was executed. There was no further mention of payment between the parties, and on September 28th, appellant wrote respondent as follows:

"Will be in Ewan 3 or 4 o'clock Sept. 30, at Mr. Rush's house. You can have knowledge of the grain by that time."

Mr. Rush was appellants' attorney. Respondent testified that he received this letter on September 30th, the day payment and delivery were to be made in accordance with the terms of the contract. The parties met at Ewan and proceeded to the home of Mr. Rush. They discussed the amount to be paid for the wheat and other matters, and finally agreed upon the amount to be paid. Respondent offered his check in payment, which appellant refused to accept, saying that he preferred gold coin. Respondent then left the office and returned a little later with a person whom he desired to witness a tender. The check was again offered and refused. Respondent offered to procure a certified check, which was also refused. He then proposed to take appellant to Lamont, where a bank is located, obtain the money and bring him back, but appellant refused to go.

It is first contended that the court erred in admitting evidence to show that appellants had waived their right to demand a money tender from respondent, on the ground that such evidence varied the terms of the written contract. The only effect of the admission of this evidence was to show a waiver by appellants of a legal tender. It neither impeached nor destroyed the written instrument nor any of its terms. As this evidence only went to the manner of payment, it was clearly admissible under the rule announced in *Johnston v. McCart*, 24 Wash. 19, 63 Pac. 1121, where it was held that an oral agreement, affecting only the manner of payment under a written contract, was admissible and not within the objection that it varied the terms of a written instrument.

The next contention is that the evidence failed to show a waiver of legal tender. In view of the facts we have heretofore recited, we believe the jury was justified in so finding. While appellants' failure to reply to respondent's statement in the letter that he would tender his check may not of itself have been sufficient to show a waiver, yet, taken in connection with other circumstances, it was sufficient to make the question one for the jury. The instructions of the trial court upon this point were full and complete, and not excepted to. We cannot substitute our judgment for that of the jury where there is evidence to sustain the verdict.

Misconduct of counsel is predicated upon a statement made to the jury by counsel for respondent as to the advance in the price of wheat subsequent to the time delivery was demanded. Objection was made to this line of argument, and the court admonished counsel that it was improper and instructed the jury to disregard it. Under these circumstances, we cannot find prejudicial error.

Appellants contend that it is admitted by respondent in his testimony that there was between ten and twenty dollars due them upon their counterclaim. No denial of this is made in respondent's brief, and upon an examination of the statement of facts, we find that the contention must be sustained.

Upon examination of other points argued in the briefs we find them to be without prejudicial error.

The lower court is hereby instructed to reduce the judgment entered by deducting the sum of $20, which is admittedly due appellants. As so modified, the judgment will be affirmed. Respondent will recover costs on appeal.

Holcomb, Main, and Parker, JJ., concur.