[No. 2785. Decided July 20, 1898.]

CENA PLANT, *Appellant*, v. E. F. CARPENTER, *Sheriff, Respondent*.

JUDGMENT ON DEMURRER — CONCLUSIVENESS.

Where a third party intervenes in a pending action for the purpose of claiming property, and judgment is rendered against intervenor upon demurrer to the complaint in intervention, such judgment is conclusive against the assertion of the same rights in a subsequent action.

Appeal from Superior Court, Lewis County.—Hon. A. L. MILLER, Judge. Affirmed.

*Edward F. Hunter*, for appellant.

*Reynolds & Stewart*, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Suit by plaintiff, Cena Plant, to enjoin the sheriff of Lewis county from executing a writ of restitution

issued in favor of the purchaser at a sale upon a decree
of mortgage foreclosure, and to adjudge the writ.void as
against the plaintiff.   On the 20th of January, 1896, judg-
ment was rendered by the superior court of Lewis county
in favor of the Commercial State Bank of Chehalis, plain-
tiff, against Salem Plant, for the sum of $765.33, includ-
ing costs, and for a foreclosure of a mortgage de-
scribed in the complaint and sale of the premises to satisfy
the judgment;   and on the 29th of February, 1896, the
mortgaged premises were sold under the judgment, and
the mortgagee became the purchaser.

The complaint alleges that the sheriff is about to exe-
cute the writ and dispossess plaintiff, who is the wife of
said Salem Plant, who executed the mortgage.   It is also
alleged that the premises mortgaged by Salem Plant were
the homestead of Salem Plant and this plaintiff and their
family, and that due selection thereof had been made by
plaintiff, and notice given, and the facts are fully stated
upon which plaintiff founds the claim of homestead.   The
answer of the sheriff denied that the premises were the
homestead of plaintiff and her husband, and averred that
the mortgaged premises were the separate property of the
husband, Salem Plant, and that no selection of the home-
stead had been made.   The answer also set up a plea of
former adjudication of the homestead rights of plaintiff
in the mortgaged premises.   It is to this plea that we shall
confine our attention.

The proof taken in the superior court and the record
shows that after the decree of foreclosure in the suit be-
tween the Commercial State Bank, as plaintiff, and Salem
Plant, as defendant, the plaintiff in this action intervened
and set up fully in her complaint in intervention all the
facts constituting her right to the homestead, and also de-
manded that the premises be declared a homestead and

protected by the court. The plaintiff in the mortgage foreclosure suit was regularly summoned to answer the complaint in intervention, and the plaintiff therein appeared and filed its motion that the complaint be dismissed, because it was filed without leave of court and because it did not state facts authorizing the intervention, and the motion was sustained, with leave to the intervenor to re-file her complaint, which was done *instanter*, and the plaintiff thereupon renewed its motion against the complaint because it did not state facts sufficient to constitute a ground for intervention, which objection the court sustained; and the intervenor, Cena Plant, requested permission to file an amended complaint, which was granted, and she was allowed ten days in which to file and serve an amended intervening complaint. It appears that intervenor did not file the amended complaint, as directed by the order of the court; and thereafter the court, on the 26th day of December, 1895, adjudged that leave having been given intervenor to serve and file an amended complaint in intervention, and her attorney having stated in open court that the intervenor would not further appear in the action, and the plaintiff demanding default against the intervenor, such default was granted and entered; and thereafter a final decree of foreclosure was rendered in the cause, in which it was adjudged that the defendants, and all persons claiming under them after the commencement of the action, be forever barred and foreclosed of all right, title, interest and equity of redemption in the mortgaged premises, or any part thereof, and that the plaintiff recover from the said Cena Plant its costs incurred or taxable, in consequence of her appearance and pleading in the action, and that execution issue therefor. The intervenor in the foreclosure suit filed her bill in the nature of a cross complaint against plaintiff, and set up the facts constituting

grounds of action, alleging the same cause of action and demanding the same relief that she demands in this suit. In the former action the objection to the complaint in intervention, which was in the nature of a demurrer, confessed the facts and demanded judgment that intervenor stated no grounds for relief. The court sustained plaintiff's demurrer, and, in default of an amendment of the complaint in intervention, gave judgment against intervenor. No exception was taken to the ruling of the court upon the demurrer, and no appeal taken from the judgment for costs against intervenor in the foreclosure suit.

When a third party intervenes in an action pending for the purpose of claiming property, he is bound by the judgment. *Gumbel v. Pitkin*, 113 U. S. 545 (5 Sup. Ct. 616); *Benjamin v. Elmira, etc., R. R. Co.*, 49 Barb. 448; *Johnston v. San Francisco Savings Union*, 75 Cal. 134 (16 Pac. 753, 7 Am. St. Rep. 129).

Judgment upon a demurrer or objection to a complaint that it does not state facts sufficient to constitute a cause of action, when final, determines the merits of the cause as between the parties and their privies. The case of *Gould v. Evansville, etc., R. R. Co.*, 91 U. S. 526, was an action by plaintiff against defendants for debt, founded upon the judgment of a court of competent jurisdiction. Defendants pleaded in bar of the action a former judgment in their favor on a suit involving the same cause of action; that the defendants appeared in the action and demurred to the complaint, and the court sustained the demurrer and gave plaintiff leave to amend; but plaintiff declined to amend his complaint, and the court rendered judgment for the defendants. It does not appear that any appeal was prosecuted. The defendants maintained that the matters and things set forth in the complaint were the same as those set forth in the complaint in the last suit; that

plaintiff impleaded defendants in the former suit in a court of competent jurisdiction upon the same cause of action, disclosing the same ground of complaint and alleging the same facts to sustain the same; and that the court had jurisdiction of the parties and of the subject matter, and rendered a final judgment upon the merits in favor of defendants and against plaintiff; and that the judgment remained unreversed and in full force. The court said:

"Technical estoppels, it is conceded, must be pleaded with great strictness; but when a former judgment is set up in bar of a pending action, or as having determined the entire merits of the controversy involved in the second suit, it is not required to be pleaded with any greater strictness than any other plea in bar, or any plea in avoidance of the matters alleged in the antecedent pleading. Reasonable certainty is all that is required in such a case, whether the test is applied to the declaration, plea or replication, as the party whose pleading is drawn in question cannot anticipate what the response will be when he frames his pleading. . . . Decided cases may be found in which it is questioned whether a former judgment can be a bar to a subsequent action, even for the same cause, if it appears that the first judgment was rendered on demurrer; but it is settled law, that it makes no difference in principle whether the facts upon which the court proceeded were proved by competent evidence, or whether they were admitted by the parties; and that the admission, even if by way of demurrer to a pleading in which the facts are alleged, is just as available to the opposite party as if the admission was made *ore tenus* before a jury."

The court also observes that a judgment rendered upon demurrer to the declaration or to a material pleading, setting forth the facts, is equally conclusive of the matters confessed by the demurrer as a verdict finding the same facts would be; and the rule is that facts thus established can never after be contested between the parties or those in privity with them. *Lee v. Kingsbury*, 13 Tex. 68 (62 Am.

40—19 WASH.

Dec. 546) *Graham v. Culver*, 3 Wyo. 639 (29 Pac. 270, 31 Am. St. Rep. 105); *Miller v. Sherry*, 2 Wall. 237; *Hefner v. Northwestern Mut. Life Ins. Co.*, 123 U. S. 747 (8 Sup. Ct. 337).

In the intervention in the mortgage foreclosure, the intervenor submitted her rights to the homestead to trial. The final judgment of the court was against her. After judgment upon the demurrer, it was too late to withdraw from the intervention without leave of the court and making an express reservation of rights. The trial, under our code of procedure, arises upon an issue of law or fact. Where the facts are conceded, and the issue of law alone is determined, it is none the less conclusive upon the merits of the case.

We can see no error in the conclusion of the superior court in sustaining the plea of a former adjudication of the facts upon which the complaint in the present action is based. No opinion is expressed upon the other questions raised by counsel and the conclusions of the superior court thereon.

The judgment is affirmed.

SCOTT, C. J., and ANDERS and DUNBAR, JJ., concur.