[No. 4531. Decided September 19, 1903.]

MELISSA C. BUDLONG, *Appellant*, v. EDITH J. BUDLONG,

*Respondent.*

FRAUDULENT CONVEYANCES — CONSIDERATION PASSING BETWEEN HUS-
BAND AND WIFE.

In an action to set aside a transfer of real estate made by a husband to his second wife as in fraud of certain claims of his first wife, a finding of the validity of the transfer was warranted where the second wife testified that the conveyance was made in consideration of the price of certain furniture purchased from her by her husband about the time of their marriage, that she had assumed and subsequently paid from her own means a mortgage of $1,500 upon the property, and that the transfer had been made with the consent of the first wife; the testimony of the husband that he received no consideration therefor being entitled to but little weight, owing to its contradictory character.

JUDGMENT — COLLATERAL ATTACK — HARMLESS ERROR.

A finding by the court that a judgment which was collaterally attacked was obtained by fraud does not constitute reversible

error, when the decree in the subsequent action does not attempt to avoid such fraudulent judgment or its legal effect.

SAME — RES JUDICATA — ISSUES DETERMINED.

A judgment in a prior action between the same parties affecting the same property cannot be *res judicata* upon the issue of fraud raised in the second case, when there were several affirmative defenses, including that of fraud, raised in the original action, and there is nothing in the record to show upon which of the issues the jury based their verdict in the original action.

Appeal from Superior Court, King County. — Hon. BOYD J. TALLMAN, Judge. Affirmed.

*Carroll & Carroll,* for appellant.

*John F. Dore, J. Edwin Keyes* and *Humes, Miller & Lysons,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This action was begun in January, 1902, to set aside a certain deed to real estate on the ground of fraud, and to subject the real estate to the lien of two judgments rendered after the execution of the deed. The complaint alleges, in substance, that in November, 1893, the defendant George E. Budlong was the owner in fee of lot 8 in block 71 of C. C. Terry's First Addition to Seattle, in King county; that on the 5th of December, 1894, said George E. Budlong, without consideration, and for the purpose and with the intent to deceive and defraud his creditors, and especially the plaintiff, conveyed the said property to his wife, Edith J. Budlong; that the said Edith accepted the said conveyance, knowing the purpose and intent thereof; that subsequently, on October 19, 1901, plaintiff recovered a judgment against both of said defendants, Edith and George E. Budlong, for the sum of $158.75 and costs, and that on December 3, 1901, plaintiff recovered a judgment against said George E.

43—32 WASH.

Budlong for the sum of $1,288.50 and interest and costs, which said judgments are of record in King county, wholly unsatisfied. The defendant George E. Budlong made default, and did not appear in the case. The defendant Edith J. Budlong answered the complaint, and denied that there was any fraud in the purchase of the property, but alleged that the same was purchased by her in good faith and for value. She admitted the judgments, as alleged, but alleged that each of them was recovered by fraud practiced upon the court and jury. These allegations of the answer were denied. The foregoing are substantially the issues tried in the case. After hearing the evidence upon the trial, the court found that the defendant George E. Budlong was the owner in fee of the property on November 10, 1893, and that on December 5, 1894, for a good and valuable consideration, with the knowledge and consent of the plaintiff, he conveyed the property to the defendant Edith J. Budlong. The court also found that the two judgments named were obtained by fraud practiced upon the court and jury by the plaintiff and defendant George E. Budlong. Upon these and other findings not necessary to quote, the court entered the following decree:

"Ordered, adjudged and decreed, that defendant Edith J. Budlong is the owner in fee simple of lot 8 in block 71, C. C. Terry's First Addition to the City of Seattle, King county, Washington, with the appurtenances thereto belonging, free and clear of all incumbrances by reason of any judgments recovered by the above named plaintiff against the defendant George E. Budlong, and that said defendant Edith J. Budlong do have and recover of and from said plaintiff her costs incurred herein to be taxed. Done in open court this 23d day of May, 1902."

The first and fourth assignments of error are that the

findings, conclusions, judgment, and decree are against the evidence, and are not supported by the evidence or the law. The main question in the case was whether the transfer of the property on December 5, 1894, was fraudulent. The evidence upon this question is somewhat conflicting. George E. Budlong testified that he received no consideration therefor. Edith Budlong testified that she not only paid a consideration for the property at the time, which was the price of certain furniture purchased from her by George E. Budlong about the time of their marriage, but also that she assumed and subsequently paid from her own separate means a mortgage of $1,500, which was upon the property at the time she bought it. She also testified that the plaintiff consented to her purchase thereof. The evidence of George E. Budlong is very contradictory, and the lower court evidently gave little weight thereto, and we think the court was justified in so doing. Upon the whole evidence, we think the finding that the conveyance of the property to Edith J. Budlong in 1894 was for value in good faith, and with the knowledge and consent of the plaintiff, is borne out by the weight of the evidence.

It is no doubt true that the attack by the defendant upon the two judgments mentioned was a collateral attack, and that, therefore, they cannot be impeached in this action. Black, Judgments, § 290 et seq. The findings of the court that the judgments were obtained by fraud and conspiracy practiced by the plaintiff and George E. Budlong upon the court which rendered the judgments, therefore, count for nothing. It is not necessary to reverse the judgment in this case in order to set aside these findings, because the decree did not avoid the judgments, or the legal effect of either of them. The order was "that the

defendant Edith J. Budlong is the owner of lot 8 . . . free and clear of all incumbrances by reason of any judgments recovered by the above named plaintiff *against the defendant George E. Budlong."* This judgment followed as a matter of course, from the finding that the property was sold by George E. Budlong for value and in good faith prior to the time the judgments were rendered against him. If these judgments are binding only against George E. Budlong, they are not a lien, and could not be executed for his debt against the property of Edith Budlong. If the judgment for $158.75 against both Edith and George E. Budlong was a lien upon this property at the institution of this action, it is still such lien, because the decree does not have the effect to declare the property free from judgments obtained by the plaintiff against Edith J. Budlong and George E. Budlong jointly. It follows, therefore, that the judgment entered must be affirmed.

The case of *Budlong v. Budlong,* 31 Wash. 228 (71 Pac. 751), was an action by the appellant in this case to recover possession of the same premises in question here. In that case the appellant recovered a judgment for possession of the premises and for rent, which is the judgment for $158.75, mentioned above. On appeal, that judgment was affirmed by this court. While that case was pending here on appeal, this action was brought independently of the other action, and tried without reference thereto, and no mention thereof is made in this case or in the briefs except a reference thereto by appellant in her "additional authorities." That case could only be urged in this case as *res adjudicata* upon the question of fraud. In that case there were several affirmative defenses to the complaint, among which were that Edith Budlong

purchased the property from George E. Budlong, and. that Melissa Budlong surrendered possession of the property to Edith Budlong, upon an agreement that George E. Budlong should pay her $18.50 per month, and that security therefor was waived. These different defenses were denied by the reply, and the plaintiff, in further reply, alleged that the conveyance from George E. to Edith Budlong was fraudulent. In the course of the opinion in that case we said:

"The jury could therefore find under the evidence that no actual sale was made, that respondent may have voluntarily yielded possession to appellant simply in consideration of the payment of $18.50 monthly, and that she did not release her rights in the property under the contract and accept in lieu thereof the unsecured promise of her former husband."

It therefore appears that the jury may have found in favor of the plaintiff upon all or any one of these questions, and either would have been sufficient to sustain the verdict. Since there is no claim in this case that the verdict was found upon the question of fraud, and since the verdict may have been rendered upon either of the questions in issue, and the record is silent upon the question of fraud, we conclude that the decision in that case is not conclusive of the question of fraud in this. *Marble Savings Bank v. Williams,* 23 Wash. 766 (63 Pac. 511). We call attention to *Budlong v. Budlong, supra,* in order to make it clear that we do not by this case disturb the right of possession determined in that case.

For the reasons given, the judgment of the lower court is affirmed.

FULLERTON, C. J., and HADLEY, ANDERS and DUNBAR, JJ., concur.