[No. 7159.   Decided April 2, 1908.]

JULIUS BRECHLIN, *Appellant*, v. NIGHT HAWK MINING
COMPANY, *Respondent*.[1]

JUDGMENT—BAR—RES JUDICATA—SPLITTING CAUSES—JUDGMENT ON MERITS. The dismissal of an action on contract upon objection that the complaint did not state a cause of action, because the contract was an illegal one by a corporation to traffic in its own stock, is *res judicata* of another action between the same parties to recover on the same contract, omitting the illegal portion of the contract referring to the traffic in the corporate stock, where it appears that the contract was an indivisible one; since a final judgment on demurrer that goes to the ground of recovery is a judgment on the merits; and letters referred to in the second action do not affect the matter where they related to the subject-matter of the original contract and do not constitute an independent basis for a cause of action.

CONTRACT—ENTIRE AND DIVISIBLE. A written contract for the sale of mining claims and shares of stock for a lump sum is an indivisible one.

Appeal from a judgment of the superior court for Okanogan county, Steiner, J., entered July 1, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*E. W. Taylor* and *E. Fitzgerald*, for appellant.

*G. V. Alexander*, for respondent.

[1]Reported in 94 Pac. 928.

HADLEY, C. J.—This action was brought to recover the sum of $3,000, alleged to be due as the purchase price of a number of mining claims which the plaintiff claims were sold by him to the defendant corporation. The complaint alleges that on July 9, 1902, for and in consideration of $3,000 to be paid by the defendant to the plaintiff, the latter agreed to sell, and did sell, the claims to the defendant, the said sum to be paid on or before February 1, 1903. It is further alleged that afterwards, on the 11th day of January, 1903, the defendant agreed to pay the $3,000 as follows: $1,500 on or before the 15th day of February, 1903, and $1,500 on or before the 15th day of April, 1903, all of which it has failed to do. The agreement of July 9, 1902, to which the complaint refers, was in writing and was made with the plaintiff by one Wehe, who was at the time the president of the defendant company. The writing was drawn upon a printed letter head of the defendant company, and omitting the names of the officers printed upon the page, the instrument was as follows:

"Night Hawk, Wash., July 9th, 1902.

"I agree herewith to pay Julius Brechlin Five Thousand Dollars for his five mining claims, and all land lying in between Night Hawk Mining Co. claims and all his holdings in the Night Hawk Mining Comp. in shares the payment to be two thousand on or before November first, 1902, and the balance of three thousand dollars on or before February first, 1907.                                    A. M. Wehe."

"Witness:  A. George Wehe."

Upon the above written agreement, the plaintiff, in the year 1903, brought an action against the defendant and alleged that, at the time the agreement was made the plaintiff owned fifty-six thousand five hundred and sixty-six shares of the capital stock of the defendant company; that said Wehe made the contract on behalf of the defendant; that the defendant had paid $1,000 thereon, and judgment for $4,000 was asked. The second and modified promise to pay, as alleged in the present action, was by way of letter written by the sec-

retary of the defendant company, at Milwaukee, Wisconsin, and directed to the plaintiff at Night Hawk, Washington. The plaintiff had this letter in his possession at the time he brought the former suit. That suit came on for trial in 1905, and objection was made to the admission of any testimony, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the objection and rendered judgment against the plaintiff. No appeal was taken from that judgment and it was in full force and effect when the present action was brought.

In the present action the defendant interposed three defenses; (1) a general denial of liability; (2) that the alleged contract of July 9, 1902, was entered into between the plaintiff and said Wehe on account of Wehe himself, and that he had no authority to make the same on behalf of the defendant; (3) the judgment in said former action was pleaded as *res judicata*. The trial was by the court without a jury, and the court found the necessary facts to establish all of these defenses. Judgment was rendered that the plaintiff shall take nothing by the action, and the plaintiff has appealed.

The assignments of error are based upon the court's findings and conclusions. It is contended that the defense of *res judicata* was not established. The evidence certainly shows that the parties to the former action were the same as in the present one, the appellant being plaintiff and the respondent defendant in both cases. The cause of action in each case was the same; viz., the recovery of the purchase price of certain mining claims, the only difference between the two actions being that in the present action the demand is for the purchase price of the mining claims alone, while in the former one it was for the purchase price of the mining claims and also for that of fifty-six thousand five hundred and sixty-six shares of the capital stock of the respondent company, claimed to have been held by appellant and sold by him to the respondent company that issued the stock. Both complaints refer to the contract of July 9, 1902, but the com-

plaint in the present action omits to allege that the considera-
tion for the demand includes the sale of the fifty-six thousand
five hundred and sixty-six shares of capital stock as was al-
leged in the former action.

The court held, in the former action, that the contract as
alleged was illegal, for the reason that it undertook to obli-
gate the respondent as a corporation to traffic in its own stock.
Appellant sought in this action to avoid the force of the
former holding by omitting any demand on account of the
shares of stock, and limited his demand to $3,000 for the
mining claims alone. The written contract was, however, an
indivisible one. No part of the consideration of $5,000 men-
tioned therein was apportioned to the mining claims and no
part to the mining stock. But appellant sets up in his present
complaint one or two letters written to him by the secretary of
the respondent company as the alleged basis of the present
action for $3,000, and as distinguishing it from the former
cause of action. He had those letters in his possession when
he brought the former action. If the rule that what might
have been adjudicated in a former action should be treated
as adjudicated were applied, appellant would now be pre-
cluded by that rule from asserting any new element intro-
duced by the letters. But without deciding whether that rule
should apply here or not under the circumstances, it is never-
theless true that the letters do not attempt to segregate a
part of the original contract price as applying to mining
claims and a part to capital stock. What was said in the
letters related to the subject-matter of the original written
contract, and the complaint in the present action refers to
that contract as the basis of sale and the cause of action. The
letters, in other words, do not constitute an independent basis
for a cause of action. But they grow out of and are depend-
ent upon the original contract, which was an indivisible one
and provided for the sale and purchase of both mining claims
and capital stock. The cause of action being an indivisible
one, and a suit having been once brought thereon in which

judgment went against appellant, the contract cannot now be divided and a subsequent suit maintained on a part of it. 24 Am. & Eng. Ency. Law (2d ed.), p. 786; 23 Cyc. 1174; *Kline v. Stein*, 46 Wash. 546, 90 Pac. 1041; *Collins v. Gleason*, 47 Wash. 62, 91 Pac. 566.

All the conditions necessary to render the former judgment *res judicata* are present. There is identity of the thing sued for, of the cause of action, and of persons and parties. But it is conceded by appellant that, since the former judgment was rendered on objection to the introduction of any evidence, it was not, therefore, a judgment on the merits which can be interposed as *res judicata*. The objection was upon the ground that the complaint did not state a cause of action, and when it was sustained and judgment entered upon the ruling, it was in the nature of a judgment on demurrer to the complaint. A final judgment rendered on demurrer which goes to the grounds of recovery is a judgment on the merits and is *res judicata*. 24 Am. & Eng. Ency. Law (2d ed.), p. 799; 23 Cyc. 1232; *Plant v. Carpenter*, 19 Wash. 621, 53 Pac. 1107; *Gould v. Evansville etc. R. Co.*, 91 U. S. 526, 23 L. Ed. 416; *Northern Pac. R. Co. v. Slaght*, 205 U. S. 122, 27 Sup. Ct. 442, 51 L. Ed. 738.

It follows that this action is barred by the former judgment, and that being true, it is unnecessary for us to discuss in detail other findings. We may say, however, that the evidence in the record in support of the defense on the merits is such that we think the court's findings thereon are supported and should not be disturbed.

The judgment is affirmed.

RUDKIN, DUNBAR, ROOT, CROW, FULLERTON, and MOUNT, JJ., concur.