[No. 17877. Department Two. September 10, 1923.]

# H. M. KINSEY et al., Respondents, v. JOSEPH DUTEAU et al., Appellants.[1]

JUDGMENTS (182, 189)—CONCLUSIVENESS—WHAT CONSTITUTES DECISION ON MERITS—ON DEMURRER. A judgment of dismissal upon sustaining a demurrer, stating that the facts stated in the complaint do not constitute a cause of action, is a decision on the merits, and a bar to a subsequent action to recover on the same cause of action.

SAME (218)—CONCLUSIVENESS — WHAT CONSTITUTES IDENTICAL CAUSES. A complaint seeking to recover a half interest in land, for which plaintiff paid the purchase price creating a resulting trust, is identical with a cross-complaint in a subsequent action seeking recovery of the whole property and containing an additional allegation that the acts were done with fraudulent intent.

SAME (213-2)—SPLITTING CAUSE OF ACTION. A party cannot split his cause of action, and failing to recover, sue for the remainder in a subsequent cause of action.

SAME (177)—CONCLUSIVENESS—NATURE OF ACTION OR PROCEEDING—CROSS COMPLAINT—BY RECORD—WAIVER. The fact that defendants, who prevailed in a former action to recover property, commenced an action to quiet their title against the former plaintiff, does not reopen the matter and waive the defense of res judicata to a cross-complaint setting up the same claim that was adjudicated in the former action.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered July 3, 1922, upon findings in favor of the plaintiffs, in an action to quiet title, tried to the court. Affirmed.

*Harry S. Worthman* and *R. B. Brown,* for appellants.

*Thomas A. Stiger,* for respondents.

FULLERTON, J.—On April 15, 1901, Swallwell & Swartout, a corporation, was the owner in fee of a tract of land situate in Snohomish county. On that day, it entered into a written contract to sell the same

[1]Reported in 218 Pac. 230.

to the appellant Joseph Duteau, on deferred payments, the last payment maturing on October 15, 1904. In the latter part of the year 1902, Duteau, then having paid substantially one-half of the purchase price of the land and then intending to leave Snohomish county for South Africa, assigned all of his property, real and personal, to his brother-in-law, the respondent H. M. Kinsey, to be cared for during his absence; turning over to Kinsey sufficient funds to complete the remaining payments owing on the property. There seems to have been an oral agreement between the parties to the effect that, if Duteau did not return, the title to the property, on the completion of the payments, was to be taken in the name of Kinsey's wife, Duteau's sister, possibly as a gift to her, and that, if he did return, Kinsey was to have a one-half interest in the property for his services.

Duteau, after making the assignment, changed his intention as to leaving for South Africa, and, while this change of intention was made known to Kinsey, no re-assignment of the property was made. Kinsey thereafter made the additional payments on the property with money advanced to him by Duteau for that purpose. The last of these payments was made in the early part of the year 1903, and Kinsey, on May 12, 1903, took a deed to the property from Swallwell & Swartout in his own name.

On January 10, 1905, Kinsey executed and filed for record a writing in which he acknowledged Duteau's interest in the land, reciting that he had given Duteau "full power to dispose of said property to the best possible advantage and as he deems advisable," and that he stood "ready to give a deed to anyone the said Joseph Duteau may designate." On March 19, 1915, however, referring to the instrument as a power of

attorney, he sought to revoke it as such by a writing executed and acknowledged and filed for record on that day.

In May, 1920, Duteau began an action in the superior court of Snohomish county against Kinsey and his wife, seeking a recovery of a one-half interest in the property, setting out substantially the facts hereinbefore recited. To his complaint a general demurrer was interposed, which the trial court sustained. Duteau took leave to amend his complaint within ten days, but thereafter made no further appearance, and on July 10, 1920, the action was dismissed at his cost on motion of the defendants.

On October 7, 1921, the respondents Kinsey and wife began the present action against the appellant Duteau, alleging in their complaint that Duteau claimed some interest in the premises and that these claims of interest were unfounded. The prayer of the complaint was that he be forever barred from claiming or asserting any interest adverse to the plaintiffs. Duteau answered by denials, and by a cross-complaint, to the effect that he was the equitable and beneficial owner of the property, setting out the facts substantially as he had set them forth in his prior action. The respondents, by way of reply, among other affirmative defenses, pleaded the former action of Duteau as *res judicata* of the question he sought to litigate by his cross-complaint. The trial court, although finding the facts in favor of Duteau, held that the question he sought to litigate was in issue in his former action, and that the judgment therein rendered was a bar to its further litigation.

With the findings on the facts made by the trial court, we are in accord. The record seems to leave little question that Duteau paid the purchase price of

the land, and, under the doctrine relating to resulting trusts, was, if not otherwise barred, entitled to recover the property and have the legal title thereto vested in him. But we are constrained to conclude that the trial court was correct, also, in holding that the judgment in the action instituted by him precluded him from asserting the facts in the present action. That was not a judgment of dismissal for mere want of prosecution. It was a judgment upon the merits of the action. It was adjudged therein that the facts stated in the complaint did not constitute a cause of action. The adjudication went to the ground of the recovery and for this reason is *res judicata*. *Brechlin v. Night Hawk Mining Co.*, 49 Wash. 198, 94 Pac. 928, 126 Am. St. 863; *Plant v. Carpenter*, 19 Wash. 621, 53 Pac. 1107.

It may be that the court was in error in its ruling on the demurrer. We think it was. This would undoubtedly have subjected the judgment to reversal on appeal, or to reversal by some other form of direct attack, but it does not subject it to a collateral attack. So long as it stands of record unreversed, it is conclusive as against the parties thereto or in privity therewith, as to all matters litigated therein.

But the appellant claims that the cause of action stated in the first action and the cause of action stated in the cross-complaint are not the same. The distinctions pointed out are these, namely, that in the first action only a half interest in the property was sought to be recovered, while in the cross-complaint the whole of the property is sought to be recovered; and that, in the first action, there was no charge of fraud, while in the cross-complaint it is charged that Kinsey took title to the property in his own name for the purpose of cheating and defrauding Duteau. But we cannot think this change in the relief sought, or the additional

allegation of fraud, in any manner affects the first action as a bar. Certainly, if the facts set forth in the first complaint did not entitle the appellant to recover even a one-half interest in the property, the same facts would not justify a recovery of the entire interest. More than this, there can be no splitting of causes of action. A party cannot in one action sue for a part of that which he is entitled to recover, and in a subsequent action sue for the remainder when the right of recovery rests upon the same state of facts. *Collins v. Gleason,* 47 Wash. 62, 91 Pac. 566; *Kline v. Stein,* 46 Wash. 546, 90 Pac. 1041, 123 Am. St. 940.

The allegations of fraud added nothing to the cause of action. No specific acts of fraud are alleged or shown. It is simply now charged that certain acts were done with a fraudulent intent which before were charged simply as wrongful acts. If this change in the allegations of a cause of action will permit a claimant to litigate anew that which he has formerly litigated, there can be no judgment which is *res judicata.* The case of *Budlong v. Budlong,* 32 Wash. 672, 73 Pac. 783, contains nothing contrary to what we here determine.

Finally, it is claimed that the respondents, by themselves commencing an action to quiet their title, have opened up anew the entire matter—have waived, as it were, the defense of *res judicata*—and that the court is now at liberty to decide as to the right of the matter without regard to the adjudication in the former action. But we think this contention untenable. The appellants, notwithstanding the former adjudication, were asserting rights in the property. The respondents could not know on what facts these claims were based. They had the right, therefore, to commence an action asserting generally that such claims

were made, and ask that their title be quieted. When the claimants set up the facts on which their claims were founded, it was permissible for the respondents to set forth in reply any defense thereto which they had, even though the defense thereto be *res judicata*. We do not, of course, decide that an estoppel by judgment cannot, under any circumstances, be waived. What we decide is that there was no waiver here.

The judgment is affirmed.

MAIN, C. J., PARKER, TOLMAN, and PEMBERTON, JJ., concur.