[No. 24348. Department One. March 17, 1933.]

ALICE H. COMYNS, *Respondent,* v. HARRY E. PAINTER, *Appellant.*[1]

[1]Reported in 19 P. (2d) 1104.

*Chambers & Masuda* and *Fred C. Campbell,* for appellant.

*J. Will Jones,* for respondent.

PARKER, J.—The plaintiff, Mrs. Comyns, commenced this action in the superior court for King county against the defendants, Painter and Claude Bannick as sheriff of King county, seeking injunctive relief restraining the sheriff from selling, under execution issued upon a community money judgment rendered by the superior court for King county in an action, No. 209505 therein, in Painter's favor and against Mrs. Comyns and her husband during his lifetime, certain land claimed by her as her separate property; and also seeking the quieting of her separate title to the land as against Painter's claim that it is community property subject to the lien of his judgment.

Painter responded to Mrs. Comyns' complaint by answer and cross-complaint containing denials, admissions and affirmative allegations, seeking denial of the relief sought by Mrs. Comyns; and also seeking affirmative relief in his own behalf adjudicating the land to be community property, subject to the lien of his judgment.

Mrs. Comyns demurred to the answer and cross-complaint as not constituting a defense, and as not constituting grounds for the affirmative relief prayed for by Painter. This demurrer was by the court sustained. Thereupon, Painter, by his counsel, elected not to plead further. Thereupon, Mrs. Comyns, by her counsel, moved for judgment upon the pleading, that is, upon the facts alleged in her complaint which were admitted by Painter's answer and the facts affirmatively alleged in his cross-complaint. This motion came on regularly for hearing, and, being argued by counsel for the respective parties, was submitted to

the court for ruling. Thereupon the court granted the motion and rendered its judgment as follows:

"  . . . ADJUDGED AND DECREED, That the motion of the plaintiff for judgment on the pleadings be and the same is granted, and the defendant, Claude Bannick as sheriff as aforesaid, be and he is hereby permanently enjoined from selling said property, or any part thereof, under said execution which he has levied thereon out of said cause No. 209505 or at all, and plaintiff's title in and to said property is hereby quieted as against any and all claims of the defendant, Harry E. Painter, or any one claiming by, through or under him."

From this judgment, Painter has appealed to this court.

The facts alleged in Mrs. Comyns' complaint, which are admitted in Painter's answer, we think, may be fairly summarized as follows: At all times in question, Mrs. Comyns claimed as her separate property the land here in question, wholly apart from community ownership of the community composed of herself and her husband. On May 7, 1928, the defendant Painter was awarded a judgment in cause No. 209505 in the superior court for King county against the community composed of Mrs. Comyns and her husband, Edward M. Comyns, in the sum of $5,172.30, together with an attorney's fee of five hundred dollars and costs.

On July 1, 1928, Edward M. Comyns died testate in King county. Soon thereafter, Mrs. Comyns became the duly qualified executrix of the estate of Edward M. Comyns and their community, which estate was being administered in probate proceeding No. 44825 in the superior court for King county. On July 14, 1928, Mrs. Comyns, as such executrix, caused to be published due notice to the creditors of the estate to present their claims to her as executrix. On December 12, 1928, Painter duly presented to Mrs. Comyns, as ex-

ecutrix, his claim for the amount of his judgment in cause No. 209505. She rejected and disallowed that claim. Thereafter, on January 18, 1929, Painter commenced an action, No. 216362, in the superior court for King county by filing his complaint therein demanding judgment against Mrs. Comyns as executrix of the estate for the amount of that claim.

In July, 1929, Painter commenced an action, No. 222108, in the superior court for King county against Mrs. Comyns individually and as executrix of the estate, alleging and praying in his complaint as follows:

"(1)   That the defendant, Alice H. Comyns, is duly appointed, qualified and acting executrix of the estate of Edward M. Comyns, deceased, and numbered 44825 of the probate causes on file with the clerk of King county, Washington, and in the above court.

"(2)   That on the 12th day of December, 1928, plaintiff served his claim against said estate on said executrix in the sum of $5,670, and filed same with the clerk of above court, on December 18, 1929; and said claim was rejected in toto by said executrix   .   .   .

"(3)   That during the lifetime of said Edward M. Comyns the defendant and he were wife and husband, forming a marital community; that said Edward M. Comyns died on July 1, 1928.

"(4)   That prior to March 26th, 1926, said community was the owner of certain real property, situate in King county, to-wit: [Here the land in question is described.]

"(5)   That on the 26th day of March, 1926, the said Edward M. Comyns and the community aforementioned were indebted to plaintiff in approximately the sum of $6,000 and which indebtedness was subsequently reduced to judgment, and were also indebted to Thomas S. Singer in approximately the sum of $2,230; that the community aforesaid was at the time stated unable to pay its outstanding obligations, except by sale of said realty described in paragraph 4, above.

"(6) That thereupon and on or about the 26th day of March, 1926, the said Edward M. Comyns and defendant herein, with intent to hinder, delay and defraud the creditors of the community composed of themselves and to place community assets beyond the reach of said creditors and beyond the reach of this plaintiff, agreed and contrived that said Edward M. Comyns should make voluntary conveyance of his interest in said real estate described in paragraph 4 above to the defendant herein to be her sole and separate property; that pursuant, thereto, said Edward M. Comyns on the date above mentioned, executed and delivered in proper form a quit claim deed of said property, without consideration, to the defendant as grantee, to have and to hold thereafter as her sole and separate property; that said conveyance was without valid consideration and made with intent to defraud and deprive plaintiff of his claim and to render it worthless.

"(7) That soon after qualifying as executrix in the Estate of Edward M. Comyns, defendant filed her inventory of property to be administered in said estate, and failed to include interest of said Edward M. Comyns in the community property above described and to this date has failed so to do; that by reason thereof plaintiff has been deprived of his remedy in the distribution of assets in said estate and his claim in the total sum of $.................... rendered almost valueless; that defendant, although requested, has failed and refused to include said real estate in the inventory of said estate, and is claiming it as her sole separate property.

"(8) That plaintiff is informed and verily believes that the market value of said real property described in paragraph 4, above, is $20,000.

"Wherefore, plaintiff prays as follows: (1) That this Court declare the transfer and conveyance from Edward M. Comyns to Alice H. Comyns, dated March 26th, 1926, to be null and void, and of no effect, and that said deed be cancelled and delivered up to the defendant. (2) That the defendant be ordered to inventory said real property described in paragraph

4 above and to administer it for the benefit of creditors of the community composed of the deceased Edward M. Comyns and Alice H. Comyns. (3) For such other and further relief as to the Court may seem fit and equitable."

Thereafter, Mrs. Comyns, individually and as executrix, demurred to that complaint "upon the ground and for the reason that said complaint does not state facts sufficient to constitute a cause of action against said defendants or either of them." That demurrer being argued by counsel for the respective parties on August 19, 1929, and the court having considered the same, it was by the court sustained and an order duly entered accordingly. Painter neglecting to plead further, counsel for Mrs. Comyns, individually and as executrix, moved for final judgment of dismissal of that action; which motion being duly presented to the court, it was granted, and the court, on October 10, 1929, formally rendered final judgment in that action as follows:

"This matter being presented to the court on the motion of the defendants for judgment dismissing this action, and it appearing that defendants' demurrer to plaintiff's complaint was sustained on August 19, 1929, and that a formal order sustaining said demurrer has been signed and filed herein, and the plaintiff having failed to amend his complaint and more than twenty days having expired and it appearing that the plaintiff has had due notice that this judgment would be presented this day, and said plaintiff not appearing or objecting, now therefore, it is ORDERED: That plaintiff's complaint and this action be and it is hereby dismissed."

Thereafter, a short time before the commencement of this action, Painter caused an execution to be issued upon the judgment rendered May 7, 1928, in the action No. 209505, in his favor, against the community com-

posed of Mr. and Mrs. Comyns looking to the sale of the real property here in question in satisfaction of that judgment. Thereupon, this action was commenced by Mrs. Comyns, alleging facts and praying for relief against Painter and the sheriff, as above stated. The foregoing facts alleged in Mrs. Comyns' complaint are alleged by her as showing the judgment of dismissal of Painter's action commenced in July, 1929, No. 222108, to be a final adjudication against his claim that the land in question is community property subject to the lien of his judgment rendered in the action No. 209505.

We now turn to Painter's answer and cross-complaint responding to Mrs. Comyns' complaint in this action. While Painter denies certain allegations in Mrs. Comyns' complaint which are largely conclusions, he admits the facts alleged in her complaint which are above summarized, and by way of cross-complaint affirmatively alleges and prays as follows:

"(16) That on or about the 26th day of March, 1926, the said Edward M. Comyns conveyed all of said premises [the real property here in question] to the plaintiff, Alice H. Comyns by a deed, a copy of which deed is hereto attached marked exhibit 'D', and hereby made a part hereof. That said last mentioned deed was on the 5th day of April, 1926, duly recorded in volume 1303 of Deeds, at page 460 of the records of the auditor of said King county, Washington. [Quit claim deed above mentioned.]

"(17) That said last mentioned deed was made wholly without consideration and for the purpose of defeating and defrauding the existing creditors of said Edward M. Comyns and said community, and was by said plaintiff known to be made for that purpose, and said conveyance was made particularly for the purpose of defeating and defrauding said defendant, Harry E. Painter and preventing the collection of his claims against said Edward M. Comyns and said community hereinafter set forth and to prevent collection of any

judgment which might thereafter be obtained in favor of said Harry E. Painter and against said Edward M. Comyns and said community, all of which facts and purposes were at said times known to the plaintiff, Alice H. Comyns.

"(18) That at the time of making said last mentioned conveyance by said Edward M. Comyns to Alice H. Comyns, his wife, the said Edward M. Comyns and said community did not have any other property out of which the claim of said Harry E. Painter against said Edward M. Comyns and said community could be paid or satisfied, except the real estate described in said conveyances. . . .

"(22) That the said estate was wholly insolvent and no payment was ever made on any of the claims against said estate, and the said defendant, Harry E. Painter, was never paid any sum or amount whatever out of the proceeds of said estate, and the said estate has been closed and the executrix discharged of her trust and the bond exonerated. . . .

"WHEREFORE, The defendant Harry E. Painter, demands judgment:

"(1) That plaintiff's action be dismissed.

"(2) That the real estate described in paragraph 2 of the amended complaint herein, be declared to be subject to the lien of the judgment of the defendant, Harry E. Painter, in cause No. 209505 against said Edward M. Comyns, and said community, and that the said real estate be directed to be sold and the proceeds thereof applied to the payment of said judgment.

"(3) That the deed of which exhibit 'D' hereto attached is a copy, be declared fraudulent and void as against this defendant Harry E. Painter, and that the same be cancelled and held for naught."

There are a number of other allegations of fact in considerable detail in Painter's cross-complaint, which, if true, we may, for present purposes, assume, tend to support Painter's claim made in this action that the land in question is community property, subject to the lien of his judgment rendered against the community in action No. 209505. However, all those allegations

of fact do not suggest any right in him as against Mrs. Comyns other than that sought by his prayer, above quoted. Other allegations of Painter's cross-complaint are in harmony with the admitted allegations of Mrs. Comyns' complaint.

■ Are the respective, asserted rights of Painter and Mrs. Comyns, as against each other in this action, the same as their respective, asserted rights as against each other in the action No. 222108, wherein there was rendered a final judgment in favor of Mrs. Comyns adjudicating their respective, claimed rights there drawn in question? It seems to us that this inquiry must be answered in the affirmative.

A reading of Painter's complaint in the former action renders it plain that he therein sought to have the land there and here in question adjudged to be the community property of Mr. and Mrs. Comyns; that she be required as executrix to inventory the land as such community property as an asset of the community estate, to the end that it be thereby subjected to the payment of his community judgment rendered in action No. 209505 against Mrs. Comyns and her husband; and particularly, that the deed of March 26, 1926, given by Mr. Comyns to Mrs. Comyns, which is a quitclaim deed, be set aside as having been executed without consideration and with intent to defraud their community creditors, Painter being one of such creditors, though not on March 26, 1926, a judgment creditor.

A reading of Mrs. Comyns' complaint in this action and Painter's answer and cross-complaint in response thereto seems to us to render it plain that there are here drawn in question the same asserted rights, on the part of Painter, rested entirely upon the alleged community ownership of the land, as were drawn in question in cause No. 222108 and therein adjudicated against him in her favor by dismissal of that action.

No facts are alleged in these pleadings showing any change in Mrs. Comyns' ownership of the land since March 26, 1926, the date of the execution of the quitclaim deed therefor executed by Mr. Comyns to her.

It has been repeatedly held by this court, in substance, that a final judgment rendered against a party seeking affirmative relief, upon the sustaining of a general demurrer to his complaint or application seeking such relief, and his declining or neglecting to plead further, is conclusive against his assertion of the same claim of right in a subsequent action or proceeding. It was so held in *Plant v. Carpenter,* 19 Wash. 621, 53 Pac. 1107. In so holding, Judge Reavis, speaking for the court, said:

"In the former action the objection to the complaint in intervention, which was in the nature of a demurrer, confessed the facts and demanded judgment that intervenor stated no grounds for relief. The court sustained plaintiff's demurrer, and, in default of an amendment of the complaint in intervention, gave judgment against intervenor. . . .

"When a third party intervenes in an action pending for the purpose of claiming property, he is bound by the judgment. *Gumbel v. Pitkin,* 113 U. S. 545 (5 Sup. Ct. 616); *Benjamin v. Elmira, etc. R. R. Co.,* 49 Barb. 448; *Johnston v. San Francisco Savings Union,* 75 Cal. 134 (16 Pac. 753, 7 Am. St. Rep. 129).

"Judgment upon a demurrer or objection to a complaint that it does not state facts sufficient to constitute a cause of action, when final, determines the merits of the cause as between the parties and their privies."

In *Brechlin v. Night Hawk Mining Co.,* 49 Wash. 198, 94 Pac. 928, 126 Am. St. 863, Chief Justice Hadley, speaking for the court, said:

"All the conditions necessary to render the former judgment *res judicata* are present. There is identity of the thing sued for, of the cause of action, and of persons and parties. But it is conceded by appellant

that, since the former judgment was rendered on objection to the introduction of any evidence, it was not, therefore, a judgment on the merits which can be interposed as *res judicata.* The objection was upon the ground that the complaint did not state a cause of action, and when it was sustained and judgment entered upon the ruling, it was in the nature of a judgment on demurrer to the complaint. A final judgment rendered on demurrer which goes to the grounds of recovery is a judgment on the merits and is *res judicata.* 24 Am. & Eng. Ency. Law (2d ed.), p. 799; 23 Cyc. 1232; *Plant v. Carpenter,* 19 Wash. 621, 53 Pac. 1107; *Gould v. Evansville etc. R. Co.,* 91 U. S. 526, 23 L. Ed. 416; *Northern Pac. Ry. Co. v. Slaght,* 205 U. S. 122, 27 Sup. Ct. 442, 51 L. Ed. 738.''

In *State ex rel. Schmidt v. Superior Court,* 62 Wash. 556, 114 Pac. 427, Judge Gose, speaking for the court, following reference to the language above quoted from the *Plant* and *Brechlin* cases, said:

''Where a demurrer to the merits of the petition is sustained and a judgment is entered in favor of the demurrant, such judgment, unless reversed, is as final and conclusive between the parties as if founded upon the verdict of a jury. The same rule applies where the demurrer contains several grounds, one of which goes to the merits of the case, as presented in the pleading demurred to. *Merrill v. Board of Comm'rs of Ness County,* 7 Kan. App. 717, 52 Pac. 109. A general judgment or decree of dismissal, entered upon a demurrer based upon several grounds, some of which touch the merits of the cause of action, renders all the issues in the case *res judicata,* and constitutes a bar to any subsequent suit for the same cause of action.''

This language is followed by quotation, approvingly, from *Martin v. Evans,* 85 Md. 8, 36 Atl. 258, 60 Am. St. 292, 36 L. R. A. 218, as follows:

''Whenever a decree dismissing a bill in equity fails to restrict its own scope, the presumption, according

296

to the great preponderance of decided cases, is that the issues raised by the proceedings have been disposed of on the merits, and they, therefore, become *res adjudicata.*"

Our later decisions in *Kinsey v. Duteau,* 126 Wash. 330, 218 Pac. 230, and *State ex rel. Larish v. Superior Court,* 134 Wash. 224, 235 Pac. 353, adhere to the view expressed in the above noticed cases.

We conclude that the judgment of the superior court must be affirmed.

BEALS, C. J., MITCHELL, HOLCOMB, and MILLARD, JJ., concur.