[No. 27741. Department One. January 3, 1940.]

METROPOLITAN LIFE INSURANCE COMPANY, *Respondent,*
v. DOCIA DAVIES, *Individually and as Administratrix, Appellant.*[1]

*R. L. Edmiston,* for appellant.

*Hamblen, Gilbert & Brooke,* for respondent.

SIMPSON, J.—This action was instituted by plaintiff, as purchaser of farm lands at a mortgage foreclosure sale, to foreclose a lien for interest which had accrued upon the purchase price, and taxes paid during the time allowed for redemption, upon wheat and peas produced on the farm during that period.

The complaint was in the ordinary form and, in addition to alleging the facts showing the basis of the lien, alleged that defendant Associated Seed Growers, a

[1]Reported in 97 P. (2d) 686.

corporation, had in its possession $922.72 received from the sale of peas produced on the farm. The complaint further alleged the death of Lewis Davies, the owner of the land at the time the mortgage was foreclosed, and the appointment of Docia Davies as administratrix of his estate.

Defendant Docia Davies, for herself individually and as administratrix of the estate, filed an answer, which consisted of a general denial of the right of plaintiff to foreclose its lien and four affirmative defenses, the whole designed to show that the foreclosure action was void and that she had title to the property upon which the wheat and peas had been produced.

The affirmative answers were long and included many statements relative to the original purchase of the farm lands and to subsequent transactions concerning the rights of defendant Docia Davies.

Summarized, the defenses alleged that the land upon which the mortgage was given was the community property of Docia Davies and her husband, Lewis Davies; that she acquired a community interest in the entire south one-half of the section by virtue of a contractual agreement made with Lewis Davies prior to their marriage in 1910, by the terms of which she gave her promise of marriage and advanced one thousand dollars as part of the purchase price of the southwest quarter in consideration that the whole property in question should, after their marriage, become the property of the community; that she and her husband acquired a community homestead right in the southeast quarter by reason of the fact that it had been continuously occupied by her husband and his family since 1882, and by the community of Lewis and Docia Davies and their family since their marriage in 1910; that the community received no benefit from the mortgage signed by her husband alone, without her knowledge

or consent; that her rights were not affected thereby nor by the foreclosure action to which she was not made a party.

Based upon the foregoing allegations, defendant Docia Davies prayed that plaintiff take nothing by its complaint, that the mortgage and proceedings relative to its foreclosure, including the sheriff's sale and deed, be adjudged void and of no effect, and that defendant's title to the south one-half of the section be quieted as against plaintiff.

In its reply, plaintiff denied the allegations relative to the community character of the real estate and the allegations concerning the acquisition of the homestead. For an affirmative reply, plaintiff alleged that the real property was acquired by Lewis Davies prior to his marriage with the defendant Docia Davies; and that, in prior litigation concerning the title to the property in question, to which defendant was a party, she had unsuccessfully asserted her claims of title on the same grounds as set forth in her affirmative answer.

At the conclusion of the trial, the court made findings of fact and conclusions of law favorable to plaintiff and entered its decree foreclosing the lien. Defendant, Docia Davies, in her individual capacity and as administratrix of her husband's estate, has appealed.

The assignments of error relate to the admission of evidence, certain findings made by the court, and the entry of judgment in favor of respondent.

Associated Seed Growers paid into the registry of the court the money they owed as the result of purchasing the wheat and peas.

The facts as shown by the record, in so far as necessary to a decision of this case, are as follows: The property concerned in this litigation is described as the south half of section thirty-two, township twenty-two North, range forty-four E. W. M. January 20, 1885,

Lewis Davies filed application for a homestead upon the southeast quarter of section thirty-two. At that time, he was married to Mozella Davies, who resided with him on the land until her death in 1887. A short time afterward, Lewis Davies made final proof and received a patent from the United States. In the year 1891, Davies married Maud Davies, from whom he was divorced November 3, 1903. The divorce decree awarded to Lewis Davies the southeast quarter of section thirty-two, and Maud Davies, by quitclaim deed, conveyed the same property to him October 3, 1903.

Lewis Davies purchased the southwest quarter December 2, 1909, taking title in his own name. Appellant furnished one-half of the down payment of two thousand dollars pursuant to the terms of an oral contract whereby it was agreed between appellant and Lewis Davies that the entire south one-half of the section would become the property of the community after their marriage. Appellant and Lewis Davies were married December 2, 1910. Title to both the southeast and southwest quarters continued to stand in the name of Lewis Davies until deeded to appellant April 21, 1934.

May 1, 1929, Lewis Davies borrowed from respondent the sum of fifteen thousand dollars, and, to secure its payment, gave a mortgage upon the south one-half of section thirty-two. Appellant did not sign the note or mortgage. The amounts due were not paid, and April 5, 1934, respondent filed in the superior court of Spokane county its complaint to foreclose the mortgage. Appellant was not made a party defendant. The action was contested, and resulted in a judgment of foreclosure, which was affirmed by this court on appeal. *Metropolitan Life Ins. Co. v. Davies*, 190 Wash. 329, 67 P. (2d) 867.

July 13, 1935, appellant intervened in an action insti-

tuted by Mozella E. Davies against the respondent in this case. In her complaint in intervention, appellant claimed an interest in the property which we have described and prayed, *inter alia,* that the mortgage given by Lewis Davies to respondent be declared void, and that appellant's title be forever quieted against any and all claims of respondent. After respondent's demurrer had been successfully interposed, the com- ·plaint in intervention was dismissed with prejudice. The judgment of dismissal was affirmed by this court in *Davies v. Metropolitan Life Ins. Co.,* 191 Wash. 459, 71 P. (2d) 552.

We deem it unnecessary to consider any of the questions presented save that of *res judicata.*

The trial court refused to receive testimony touching upon appellant's claims to an interest in the farm upon which the crops in question were grown for the reason that the court had, in *Davies v. Metropolitan Life Ins. Co., supra,* decided the question of title adversely to her contentions.

Appellant contends that the doctrine of *res judicata* is not a valid defense in the instant case for the reason that there has been no prior trial on the merits. The contention is not well founded. The following language in *State ex rel. Schmidt v. Superior Court,* 62 Wash. 556, 114 Pac. 427, is decisive of the question presented:

"There was no error in rejecting the proffered evidence of the Tumwater Power and Water Company. A demurrer had been sustained to the complaint, alleging the same facts, and the complaint had been dismissed. It sought to review the order of dismissal, first by appeal and second by certiorari. Both remedies proved unavailing. The judgment is therefore final and conclusive. The order of dismissal put it out of the case.

" 'Judgment upon a demurrer or objection to a complaint that it does not state facts sufficient to consti-

tute a cause of action, when final, determines the merits of the cause as between the parties and their privies.' *Plant v. Carpenter,* 19 Wash. 621, 53 Pac. 1107.

" 'A final judgment rendered on demurrer which goes to the ground of recovery is a judgment on the merits and is *res judicata.' Brechlin v. Night Hawk Mining Co.,* 49 Wash. 198, 94 Pac. 928, 126 Am. St. 863.

"Where a demurrer to the merits of the petition is sustained and a judgment is entered in favor of the demurrant, such judgment, unless reversed, is as final and conclusive between the parties as if founded upon the verdict of a jury. The same rule applies where the demurrer contains several grounds, one of which goes to the merits of the case, as presented in the pleading demurred to. *Merrill v. Board of Com'rs of Ness County,* 7 Kan. App. 717, 52 Pac. 109. A general judgment or decree of dismissal, entered upon a demurrer based upon several grounds, some of which touch the merits of the cause of action, renders all the issues in the case *res judicata,* and constitutes a bar to any subsequent suit for the same cause of action. *Fowler v. Osgood,* 141 Fed. 20; *Indian Land & Trust Co. v. Shoenfelt,* 135 Fed. 484."

See, also, *Kinsey v. Duteau,* 126 Wash. 330, 218 Pac. 230; *State ex rel. Larish v. Superior Court,* 134 Wash. 224, 235 Pac. 353; *Comyns v. Painter,* 172 Wash. 285, 19 P. (2d) 1104; and 34 C. J. 799, § 1220.

A review of the facts in *Davies v. Metropolitan Life Ins. Co., supra,* and of those which obtain in the case at bar, clearly shows that title to the real property in question was litigated in the former case, and that the allegations therein, concerning the rights of appellant, are substantially identical to those set forth in the case at bar.

This being so, we hold that the former case is *res judicata* with respect to this action.

Appellant also contends that the issues involved in the case just cited did not include those present in the instant case. Admitting, *arguendo,* that all of the

issues are not alike, those in the former case would be *res judicata* for the reason that the additional matters presented here could have been presented in that case. Where the causes of action are the same, the rule applies, not only to questions presented, but to all matters which rightfully belong to the litigation which the parties could, by exercising reasonable diligence, have presented at the trial. *Globe Const. Co. v. Yost,* 173 Wash. 530, 23 P. (2d) 895; *Currier v. Perry,* 181 Wash. 565, 44 P. (2d) 184; *Baxter v. Central West Casualty Co.,* 186 Wash. 459, 58 P. (2d) 835; *Large v. Shively,* 194 Wash. 608, 79 P. (2d) 317, 82 P. (2d) 793; *Youngquist v. Thomas,* 196 Wash. 444, 83 P. (2d) 337, 87 P. (2d) 1120.

Of like import are 2 Freeman on Judgments (5th ed.), 1571, § 746, and 34 C. J. 818, § 1236.

Title to the Lewis Davies property was at issue in the former case. Appellant could have, and, we hold, did present to the court all the facts relative to her claim of title. Having had the opportunity to liquidate all questions relative to her claim of title in the former case, she cannot have those questions determined again.

The judgment is affirmed.

BLAKE, C. J., MAIN, MILLARD, and ROBINSON, JJ., concur.